**STATE COMMITTEE OF THE INDE-PENDENCE PARTY OF NEW YORK, Frank M. Mackay, William Alves and Kathleen Cucinell, Plaintiffs,**

v.

**Carol BERMAN, Neil W. Kelleher, Helena Moses Donohue, and Evelyn J. Aquila, Commissioners of Elections, Constituting the New York State Board of Elections, Defendants.**

No. 03 CIV. 4123(JSR).

United States District Court, S.D. New York.

Dec. 10, 2003.

Gary N. Sinawski, Gary Sinawski and Harry Kresky, New York, NY, for Plaintiff.

Todd Valentine, Albany, NY, for Defendant.

### OPINION AND ORDER

RAKOFF, District Judge.

In *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 217, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986), the Supreme Court held that the freedom of association protected by the First and Fourteenth Amendments includes the right of a political party to determine who can vote in that party's primary election. *See id.* Specifically, in that case, the Court held that a Connecticut statute that restricted voting in a party's primary election to those voters who had registered as members of that party unconstitutionally interfered with the decision of the Connecticut Republican Party to open its primary to voters who had registered as unaffiliated with any party. *Id.* at 210–11, 107 S.Ct. 544.

In the present case, the New York State Board of Elections (the "State Board")—in seeming defiance of the Supreme Court—seeks to enforce in the very way forbidden by *Tashjian* a New York State statute virtually identical to the Connecticut statute held unconstitutional in that case. This cannot be permitted.

The relevant facts are undisputed. On February 1, 2003, the State Committee of the Independence Party of New York ("Independence Party") amended its rules to permit voters who were registered as unaffiliated with any political party to vote in the Independence Party's primary elections for statewide offices. Because, however, section 8–302(4) of the New York Election Law provides that "at a primary election, a [registered] voter ... shall be permitted to vote only in the primary of the party in which [the registration] record shows him to be enrolled," the State Board refused to make arrangements to accommodate the change in the Independence Party's rules. In the face of the State Board's intransigence, the Independence Party and several individuals then filed this suit, seeking invalidation of the aforementioned statutory provision and mandatory injunctive relief enabling unaffiliated voters to vote in Independence Party primary elections for statewide offices. On December 3, 2003, following briefing and argument, the Court granted summary judgment in plaintiffs' favor, *see* transcript, December 3, 2003, and on December 4, 2003, the Court issued a written order holding § 8–302(4) unconstitutional as here applied and granting plaintiffs the injunctive relief requested. *See* Order, December 4, 2003. This Opinion and Order states the reasons for those rulings and directs the entry of final judgment.

The State Board's submissions barely mention *Tashjian* but raise two objections to plaintiffs' motion for summary judgment.

■ First, the State Board argues that a factual issue exists as to whether the voting machines presently in use in New York City and Albany (though not those in use elsewhere in the State) can accommodate the Independence Party's new rule—by which both affiliated and unaffiliated voters can vote in the Independence Party's primary for statewide offices, but only voters affiliated with the Independence Party can vote for other offices—or whether, instead, the machines would have to be mechanically modified. Although the Independence Party disputes that the equipment in these two locales would need to be modified to accommodate the new rule, in any event the State Board has not asserted that such modification is technologically unfeasible; and indeed, it is undisputed that the voting machines used outside New York City and Albany can accommodate the change. Moreover, even if outright replacement were necessary, the State Board, at oral argument, expressly disclaimed that it was raising any issue of excessive expense. *See* transcript, December 3, 2004.

So the State Board's argument reduces, in effect, to: "we don't want to go to the trouble of ordering the adjustment of voting machines in New York City and Albany to accommodate the Independence Party's constitutional rights." Although Emerson feared that "things are in the saddle and ride mankind," Ralph W. Emerson, *Ode, in The Portable Emerson* 322, 323 (Mark Van Doren ed., 1946), it is doubtful he ever contemplated the State Board's view that constitutional rights should be modified to fit the peculiarities of particular voting machines, rather than *vice versa. See Tashjian,* 479 U.S. at 218, 107 S.Ct. 544 (administrative and financial considerations do not justify interfering with a political party's freedom to associate with unaffiliated voters through its primary elections). This would be "machine politics" of an utterly new, and absurd, kind. Fortunately, neither freedom of association nor the right to vote is so flimsy as to yield to the technical deficiencies of a particular locality's voting equipment. The State Board's first objection must therefore be denied.

■ The State Board's second objection is that the relief here sought cannot be granted in absence of the various county boards of election, who, in the State Board's view, are indispensable parties. *See* Fed.R.Civ.P. 19(a)(1). But while plaintiffs might have chosen to add the county boards as parties, *see Schulz v. Williams,* 44 F.3d 48, 61 n. 13 (2d Cir. 1994), their presence is not necessary, let alone indispensable. *See id; New Alliance Party v. New York State Board of Elections,* No. 90 Civ. 6226 (RJW), 1990 WL 155590, at *3 (S.D.N.Y. Oct. 9, 1990). This is because New York Law vests in the State Board both the power and the obligation to oversee the local boards. *See, e.g.,* N.Y. Elec. Law § 3–102 (granting the State Board the power to "issue instructions and promulgate rules ... relating to the administration of the election process," to "direct" that county board procedures be modified, and to "perform such other acts as may be necessary"); N.Y. Elec. Law § 3–104(1) (granting the State Board responsibility for "statutes governing campaigns, elections and related procedures"). Thus the State Board's second objection must likewise be rejected.

For the foregoing reasons the Court hereby affirms its Order dated December 4, 2003 declaring New York Election Law § 8–302(4) unconstitutional to the extent that it (or any other provision of New York Election Law [1]) prohibits otherwise eligible

---

**1.** During oral argument the State Board suggested (for the first time) that § 7–104(5)(a) of

New York Election Law, which requires that

voters not enrolled in any political party from participating in Independence Party primaries for statewide offices,[2] and requiring the New York State Board of Elections, in the exercise of its plenary powers, to take all necessary steps to ensure that such unaffiliated, registered voters are able to participate in all such future primaries. Clerk to enter judgment.

SO ORDERED.

all of a party's candidates appear on a single ballot line, precluded accommodating the Independence Party's new rule if it required an additional ballot line. But it is obvious that § 7–104(5)(a) was intended to deal with unfair practices not here presented, and moreover, presupposes § 8–302(4), so that the elimination of the latter may require the modification of the former.

**2.** While therefore the Court is only holding § 8–302(4) unconstitutional as here applied

(which is all that plaintiffs requested), the continuing existence of this statutory provision so directly at odds with the holding of *Tashjian* seemingly could have such a "chilling effect" on the exercise of constitutional rights of association as would render it facially unconstitutional if such relief were requested in a proper case. *See, e.g., Forsyth County v. Nationalist Movement,* 505 U.S. 123, 129, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992).