**INDEPENDENCE PARTY OF RICHMOND COUNTY, et al., Plaintiffs,**

v.

**Nero GRAHAM, Jr., et al., Defendants.**

**No. 04 Civ. 6886(JSR).**

United States District Court, S.D. New York.

Sept. 1, 2004.

---

Gary N. Sinawski, Harry Kresky, New York City, for Plaintiffs.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

By Order to Show Cause dated August 25, 2004, the Independence Party of Richmond County, various members of its Executive Committee, and other persons affiliated therewith, sought immediate injunctive relief requiring the New York City Board of Elections (the "City Board"), and the other defendants affiliated therewith, to take the steps necessary to permit lawful Richmond County voters who are not registered to any political party ("unaffiliated voters") to vote for Independence Party candidates for Richmond County public offices in the primary election scheduled for September 14, 2004. After reviewing opposition papers from the City Board, the Court heard oral argument on August 30, 2004. Upon consideration, the Court now grants the requested injunctive relief.

The following facts are undisputed. Except when the County Committee of the Independence Party of Richmond County is in session, general authority over the party's affairs rests with its Executive Committee. *See* Complaint, Ex. B (Rules and Regulations of the Independence Party of Richmond County), Art. III, § 1. On April 18, 2004, the Executive Committee adopted a resolution permitting unaffiliated voters in Richmond County to participate in Independence Party primary elections for Richmond County public offices. *See* Complaint, Ex. A (resolution). By letters dated June 18, 2004 and August 13, 2004, the City Board notified the party that it would not honor the Executive Committee's resolution unless it were adopted as a formal rule by the full County Committee. *See* Declaration of Steven H. Richman dated August 30, 2004 at ¶¶ 3, 7, 8; *id.* at Ex. B (letter dated June 18, 2004); *id.* at Ex. C (letter dated August 13, 2004). Contending that the City Board had no lawful basis to so refuse, plaintiffs then filed the instant Complaint.

A careful review of the Rules and Regulations of the Independence Party of Richmond County (the "Rules") demonstrates that the Executive Committee possessed the requisite authority to adopt the resolution here in issue. *See* Complaint, Ex. B (the Rules). While the Rules grant "general authority" to the County Committee, *see* Rules at Art. II, § 1, the Rules further provide that when the County Committee is not in session (as was the case here, *see* transcript, 8/30/04), the "duties of the County Committee" are delegated to the Executive Committee. *See id.* at Art. III, § 1. It is true that this delegation does not include the power to make new rules or to amend existing rules, *see id.* at Art. V. But this limitation is irrelevant to the case at hand, because the resolution here at issue speaks to a matter on which the existing Rules are silent, and accordingly does not constitute an amendment thereof.

Specifically, the Independence Party of Richmond County has no rule governing who may participate in its primary elections. Attempting to suggest the contrary,

the City Board points to Article I of the Rules, entitled "Party Organization," which provides that the "basic organization" of the Independence Party of Richmond County "shall consist of the Independence electors of each election district who have enrolled" in the party, and further provides that those enrolled electors shall select a County Committee. *See id.* at Art. I, § 1. However, on its face, this provision relates only to the organizational structure and membership of the party itself, and not to whom it will allow to vote in its primaries. As to the latter determination, the Rules are completely silent, thus leaving it, by default, to determination by resolution, as was the case here.

 Given that the Executive Committee has the power (except when the County Committee is in session) to determine who may vote in an Independence Party primary in Richmond County, the City Board is required, under the constitutionally protected right of free association, to effectuate that determination, unless there is some overriding and compelling state interest to the contrary. *See, e.g., Tashjian v. Republican Party of Connecticut,* 479 U.S. 208, 217, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986); *Democratic Party v. Wisconsin ex rel. La Follette,* 450 U.S. 107, 123, 101 S.Ct. 1010, 67 L.Ed.2d 82 (1981); *State Comm. of the Independence Party v. Berman,* 294 F.Supp.2d 518 (S.D.N.Y.2003). But the City Board offers no competing interest sufficient to meet this burden. Rather, it purports to rely on N.Y. Elec. Law § 2–114, a provision of state law that permits (but does not require) a county committee to "prepare rules for governing the party within its political unit" and which sets forth procedures by which a county committee may

thereafter amend its rules, if any, or promulgate new ones. *See id.* However, nothing in § 2–114 requires a county committee to adopt a rule governing who may participate in its primaries; and in the instant case, as indicated, the Independence Party of Richmond County chose not to adopt any rule on this issue, but rather to leave the matter to *ad hoc* resolution.[1]

Accordingly, the Court hereby orders the City Board to take all necessary steps to ensure that unaffiliated registered voters may participate in the Independence Party primary election for Richmond County public offices scheduled for September 14, 2004.

SO ORDERED.

---

1. Moreover, even if there were a state statute requiring a party to adopt a formal rule before seeking to open its primary to unaffiliated voters, such a statute would likely be unconstitutional, as a political party's "determination of the boundaries of its own association ... is protected by the Constitution," *Tashjian,* 479 U.S. at 224, 107 S.Ct. 544.