274

William E. HAASE, Fairlene G. Rabenda, William A. Gage and Robert L. Schulz, Plaintiffs,

H. William Van Allen and Christopher Earl Strunk, in the matter of Ad Hoc Independents Committee to facilitate Independence Party members and the non-enrolled registered voters caucus vote by sealed or absentee ballot in the New York March 2, 2004 as IF the Independence Party Presidential Primary, Plaintiffs–Appellants,

v.

Sheldon SILVER, Joseph Bruno, George F. Pataki, Randy A. Daniels, Eliot Spitzer, all individually and as public officers, New York State Board of Elections, Carol Berman, Neil W. Kelleher, Helen Moses Donohue, Evelyn J. Aquila, all individually and as public officers, Defendants–Appellees,

State Committee of the Independence Party of New York, Party–in–Interest.

Docket Nos. 04–0910–CV(L), 05–2216–CV(CON).

United States Court of Appeals, Second Circuit.

July 1, 2005.

H. William Van Allen, Hurley, NY, for Appellant, pro se.

Christopher Earl Strunk, Brooklyn, NY, for Appellant, pro se.

Patrick J. Walsh, Assistant Solicitor General of the State of New York (Eliot Spitzer, Attorney General, Michael S. Belohlavek, Deputy Solicitor General), New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, Circuit Judges, and Hon. ARTHUR D. SPATT,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiffs–Appellants H. William Van Allen and Christopher Earl Strunk, *pro se*, appeal from the July 21, 2004, judgment of the United States District Court for the Southern District of New York, granting

---

* of the United States District Court for the Eastern District of New York, sitting by desig-

the Defendants–Appellees' motion to dismiss the complaint.

Because the district court granted the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), this Court reviews the district court's dismissal *de novo*. *See Curto v. Edmundson*, 392 F.3d 502, 503 (2d Cir.2004) (per curiam). We take all factual allegations in the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000); *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir.2003). "[D]ismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Curto*, 392 F.3d at 503 (internal quotation marks and citation omitted).

The district court found that several independent reasons supported the grant of the defendants' motion to dismiss the complaint, including mootness, failure to state a cognizable legal claim, failure to join an indispensable party, failure to plead fraud with particularity as required by Fed. R.Civ.P. 9(b), and what the court referred to as the " 'disconnect' between the allegations made and the relief sought"—namely, that "plaintiffs simply cannot force the state to count ballots for an Independence Party primary that was never in fact held." (A 3–4). We affirm on several of these bases.

*Subject Matter Jurisdiction and Mootness*

"The existence of a real case or controversy is an irreducible minimum of the jurisdiction of the federal courts." *United States v. City of New York*, 972 F.2d 464, 469 (2d Cir.1992). "A case or controversy

nation.

becomes moot when . . . it becomes impossible for the courts to redress the injury through the exercise of their remedial powers." *Fund For Animals v. Babbitt,* 89 F.3d 128, 133 (2d Cir.1996); *see also Lamar Adver. of Penn, LLC v. Town of Orchard Park,* 356 F.3d 365, 372–73 (2d Cir.2004) (finding mootness to be an issue of jurisdiction). However, a well-recognized exception to the general rule of mootness exists for cases "capable of repetition, yet evading review." *Lerman v. Bd. of Elections,* 232 F.3d 135, 141 (2d Cir.2000) (internal quotation marks and citation omitted), *cert. denied,* 533 U.S. 915, 121 S.Ct. 2520, 150 L.Ed.2d 692 (2001). A plaintiff satisfies this exception by demonstrating that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Van Wie v. Pataki,* 267 F.3d 109, 113–14 (2d Cir. 2001) (internal quotation marks and citation omitted) (alterations in original).

■ To the extent that the plaintiffs sought to cast and have counted votes, sent by sealed envelopes to the New York State Board of Elections on March 2, 2004—despite the fact that no Independence Party of New York State ("IPNY") primary election took place on that day—so that they could nominate a presidential candidate for the November 2004 election, the district court correctly dismissed the plaintiffs' complaint as moot, because there was no live case or controversy before it. *See Van Wie,* 267 F.3d at 113. Nor is there one before this Court. This case does not fall under any exception to the general mootness rule, insofar as the plaintiffs' claims are not "capable of repetition, yet evading review." There is no reasonable expectation that the IPNY will again fail to meet the requisite filing deadlines for holding a party spring primary in New York during a presidential election year, and that the same plaintiffs will again request that their votes be counted as if there had been such a primary.

*Failure to State a Claim*

■ Reading the complaint under the liberal standard provided to *pro se* litigants, *see Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) (per curiam), the plaintiffs can prove no set of facts entitling them to relief under either state law or federal constitutional law. The Supreme Court has recognized the states' "major role . . . in structuring and monitoring the election process, including primaries." *See Cal. Democratic Party v. Jones,* 530 U.S. 567, 572, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2000). The purpose of "spring primaries" in New York during presidential election years is that of electing delegates to a party's national convention. *See* N.Y. Elec. L. § 8–100(1)(a). The plaintiffs acknowledge that the IPNY failed to comply with New York filing requirements to hold a spring primary. As the district court found, the New York State Board of Elections ("the Board") was not required to count votes sent by the plaintiffs to the Board in sealed envelopes on March 2, 2004, when no Independence Party primary election was held on that day.

New York Election Law provides for an independent nominating process, *see* N.Y. Elec. L. §§ 6–138, 6–140, 6–142; furthermore, individuals wishing to run for President or Vice–President can do so as write-in candidates, *see* N.Y. Elec. L. § 6–153, and New York allows for write-in voting in general elections, *see* N.Y. Elec. L. § 7–104.4(b); *Gelb v. Bd. of Elections,* 224 F.3d 149, 156 (2d Cir.2000). The plaintiffs effectively concede the validity of these procedures, and fail to identify any viable

legal basis for requiring that their suggested procedure be adopted. Indeed, the plaintiffs' reliance on N.Y. Elec. L. § 7–124 is inapposite, inasmuch as this section refers to "ballots for special federal voters," i.e., "citizen[s] of the United States now residing outside the United States whose last domicile in the United States immediately prior to departure ... was in the state of New York" and who are "entitled to vote from such last domicile, as ... special federal voter[s]," N.Y. Elec. L. § 11–200. Moreover, the fact that New York does not provide for the ability to nominate a Presidential candidate through a private caucus involving sealed ballots sent to the Board, instead of a primary election, does not impose an unconstitutional burden on First and Fourteenth Amendment rights, in light of New York's overall electoral scheme. *Cf. Burdick v. Takushi*, 504 U.S. 428, 441–42, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992).

■ Even if the plaintiffs' request is understood as seeking permission to vote in the Democratic Party primary, which was the only party primary held on March 2, 2004, their claim also fails. A political party's right to determine who may vote in the party's primary election is "conduct undeniably central to the exercise of the right of association." *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 214, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986); *see also State Comm. of the Independence Party of N.Y. v. Berman*, 294 F.Supp.2d 518, 519 (S.D.N.Y.2003). Conversely, an individual who does not fit within the parameters determined by a party does not have an absolute right to participate in that party's primary election. Indeed, a state's requirement that a party open its primaries to all voters is unconstitutional. *See Jones*, 530 U.S. at 581–82, 586, 120 S.Ct. 2402. Thus, without an invitation from the Democratic Party to participate in its primary election, the plaintiffs, as members of the Independence Party or unenrolled

voters, did not have the right to participate in that primary, nor could the Board mandate that they be allowed to do so.

Finally, the plaintiffs' broad claim that the defendants conspired to deprive them of their right to vote by denying them "an opportunity to associate as an independent body to caucus at the March 2, 2004 New York Presidential Primary Election" is not supported by specific factual allegations. "[B]ald assertions and conclusions of law are insufficient" to state a claim upon which relief may be granted. *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998).

We have considered all of the Plaintiffs–Appellants' other contentions on this appeal and have found them to be either without merit or not reviewable on appeal because they were not raised before the district court. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Mellon Bank, N.A. v. United Bank Corp.*, 31 F.3d 113, 116 (2d Cir.1994). The judgment of the district court is hereby AFFIRMED.