267 F.3d 109 (2nd Cir. 2001)
 WENDY VAN WIE, LLOYD F. WRIGHT, PLAINTIFFS-APPELLANTS,
v.
GEORGE PATAKI, GOVERNOR OF THE STATE OF NEW YORK; WILLIAM POWERS, CHAIRMAN, NEW YORK REPUBLICAN STATE COMMITTEE; JUDITH HOPE, CHAIRMAN OF THE N.Y.S. DEMOCRATIC COMMITTEE; NEW YORK STATE BOARD OF ELECTIONS; NEIL W. KELLEHER, COMMISSIONER, NEW YORK STATE BOARD OF ELECTIONS; CAROL BERMAN, COMMISSIONER, NEW YORK STATE BOARD OF ELECTIONS; EVELYN J. AQUILA; HELENA MOSES DONOHUE, COMMISSIONER, NEW YORK STATE BOARD OF ELECTIONS; COLUMBIA COUNTY BOARD OF ELECTIONS; THOMAS FISHER, COMMISSIONER OF COLUMBIA COUNTY BOARD OF ELECTIONS; JOSEPH FINN, COMMISSIONER OF COLUMBIA COUNTY BOARD OF ELECTIONS; DUTCHESS COUNTY BOARD OF ELECTIONS; WILLIAM PAROLI, SR., COMMISSIONER OF ELECTION OR HIS SUCCESSOR; WILLIAM J. EGAN, COMMISSIONER OF ELECTION, DEFENDANTS-APPELLEES.
 Docket No. 00-7379
August Term, 2000
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: January 23, 2001
Decided October 4, 2001
 
 Appeal from the judgment of the United States District Court for the Northern District of New York (David N. Hurd, Judge), entered March 1, 2000, dismissing appellants' complaint under 42 U.S.C. § 1983 and thereby rejecting appellants' challenge to New York Election Law sections 5-210 and 5-304 under the Equal Protection Clause of the Fourteenth Amendment. See Van Wie v. Pataki, 87 F. Supp. 2d 148, 153 (N.D.N.Y. 2000).
 APPEAL DISMISSED; JUDGMENT VACATED and REMANDED.
 Madeline Sheila Galvin, Galvin & Morgan, Delmar, New York, for Plaintiffs-Appellants.
 Julie Sheridan, Office of the Attorney General of the State of New York, Albany, New York (Eliot Spitzer, Attorney General of the State of New York, Denise A. Hartman, Assistant Solicitor General, Daniel Smirlock, Deputy Solicitor General, Peter H. Schiff, Senior Counsel, on the brief), for Defendant-Appellee George Pataki.
 Richard L. Burstein, Fernandez, Burstein & Tuczinski, Albany, New York, filed a brief for Defendants-Appellees Columbia County Board of Elections, Thomas Fisher, and Joseph Finn.
 Before: Walker, Chief Judge; Parker and Katzmann, Circuit Judges.
 
 Parker, Circuit Judge
 
 1
 Wendy Van Wie and Lloyd F. Wright appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, Judge), entered March 1, 2000, dismissing their complaint brought pursuant to 42 U.S.C. § 1983. See Van Wie v. Pataki, 87 F. Supp. 2d 148 (N.D.N.Y. 2000). The appellants, both registered voters who are not enrolled in a political party, sought to vote in the March 7, 2000 presidential primary election in New York State, but were prevented from participating by the appellees' application of New York Election Law sections 5-210 and 5-304 (McKinney 1998). The appellants assert that appellees' application of these sections of New York Election Law violates the Equal Protection Clause of the Fourteenth Amendment, Article I, § 4 of the United States Constitution, the First Amendment Freedom of Association Clause, and various provisions of New York State Law, by treating registered non- enrolled voters differently from nonregistered voters. The district court rejected the appellants' claim after concluding that no constitutional violation had occurred and dismissed appellants' complaint in its entirety. See Van Wie, 87 F. Supp. 2d at 153. On appeal, the appellants challenge this conclusion.
 
 
 2
 Noting that the March 7, 2000 primary had passed, this Court ordered the parties to submit additional briefing regarding whether the appeal should be dismissed, or if the matter falls within the exception to the mootness doctrine for cases capable of repetition yet evading review.
 
 
 3
 For the reasons set forth below, we dismiss the appeal as moot, vacate the judgment of the district court and remand with directions to dismiss the action.
 
 I. BACKGROUND
 
 4
 The appellants are both registered voters in the State of New York who, at the time of registration, declined to enroll in a political party. In February 2000, the United States District Court for the Eastern District of New York (Korman, J.) issued its decision in Molinari v. Powers, 82 F. Supp. 2d 57 (E.D.N.Y. 2000), which resulted in placing the names of certain presidential candidates on the ballots in the March 7, 2000 Republican Primary Election. Following the Molinari decision, both Van Wie and Wright contacted their respective Boards of Election, seeking to enroll in a political party and to vote in the March 2000 primary election. Van Wie and Wright were informed that their party enrollment would not become effective until after the November 2000 general election, and, therefore, they remained ineligible to vote in the March 2000 primary. In response to Van Wie's inquiry, the New York State Board of Elections ("the Board") explained its position regarding the effective date of changes of enrollment. The Board invoked New York Election Law section 5-304, which, according to the Board's interpretation, provides that a change of party enrollment by either a registered enrolled voter or a registered non-enrolled voter must be filed twenty-five days before the general election to be effective for the primary election the following year. See N.Y. Elec. Law § 5304(2), (3).[1] Individuals who are not registered to vote, however, may participate in a primary election as long as they register to vote and enroll in a party twenty-five days before that primary election. See N.Y. Elec. Law § 5-210(1), (3).[2]
 
 
 5
 On February 22, 2000, the appellants filed a complaint pursuant to 42 U.S.C. § 1983, principally alleging that the appellees' application of New York Election Law sections 5-210 and 5-304 violated the Equal Protection Clause of the Fourteenth Amendment because registered nonenrolled voters are treated differently from nonregistered individuals. The appellants sought preliminary relief, including an injunction and a temporary restraining order, which would allow them to vote in the March 7, 2000 primary election, as well as a declaration that the challenged sections of the New York State Election Law violated their constitutional rights. No request for money damages, nominal or otherwise, was made. The New York State Board of Elections moved to dismiss the complaint under, inter alia, Federal Rule of Civil Procedure 12(b)(6). Defendants George Pataki, Governor of the State of New York, and William Powers, Chairman of the New York State Republican Committee, filed oppositions to the appellants' request for preliminary injunctive relief.
 
 
 6
 The district court held a hearing on February 29, 2000 to evaluate the appellants' motion for a preliminary injunction. The district court issued its opinion that same day, and declined to award any injunctive relief and dismissed the appellants' complaint in its entirety. See Van Wie, 87 F. Supp. 2d at 153.[3] Applying strict scrutiny analysis, the court concluded that the challenged provisions of the New York State Election Law were narrowly tailored to a compelling state interest. See id. at 153-53. Specifically, the district court found that New York's scheme sought to encourage nonregistered voters to participate in the election process, a compelling state interest, and that section 5-210 is narrowly tailored to further this interest. See id. The district court noted that providing a shorter waiting period for new registrants does not unduly burden the requirements placed on registered voters wishing to change enrollment. See id. at 152-53. Judgment was entered for the defendants, and Van Wie and Wright filed a timely notice of appeal.
 
 II. DISCUSSION
 
 7
 After receiving the parties' appellate briefs, this Court issued an order which stated, in part, "It appears that, the primary election having occurred, this appeal may be moot." Van Wie v. Pataki, No. 00- 7379 (2d Cir. Jan. 9, 2001) (ordering parties to submit additional briefing on the question of mootness). The Court directed the appellants to address whether they had a reasonable expectation that they would be prevented from voting in a future primary election by the application of New York Election Law "either because of an imminent switch in party enrollment or otherwise, so as to constitute a `controversy capable of repetition, yet evading review.'" Id. (quoting Lerman v. Bd. of Elections, 232 F.3d 135, 141 (2d Cir. 2000)).
 
 
 8
 In their supplemental brief, the appellants contend that this appeal is not moot and that, even if the matter is moot, it is capable of repetition yet evading review. They argue that they will face the same situation "if and when" they again attempt to enroll in a political party for the purpose of voting in a primary election. The appellants point out that primary candidates are not identified in New York until after the party enrollment period has passed. They argue that, as a result, they will continue to face the same situation, because they will be unable to determine which party they wish to join until after primary candidates have been announced. At oral argument, appellants' counsel stated that Van Wie intended to return to registered non-enrolled status, and that she may try to participate in a primary election in the future. Apparently, Wright remains non-enrolled, because his change of party enrollment was not received by the Board of Elections twenty-five days before the November 2000 general election. Governor Pataki responds that the appellants have not shown a "reasonable expectation" or a "demonstrated probability" that they will make an imminent switch in political parties.
 
 
 9
 The mootness doctrine is derived from Article III of the Constitution, which provides that federal courts may decide only live cases or controversies. Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 647 (2d Cir. 1998). "This case-or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998), cert. denied, 526 U.S. 1131 (1999). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." Irish Lesbian and Gay Org., 143 F.3d at 647. We conclude that this appeal is moot because the March 2000 primary election, in which the appellants sought to participate, has passed.
 
 
 10
 A moot case may still be justiciable, however, if the underlying dispute is "capable of repetition, yet evading review." Knaust, 157 F.3d at 88 (internal quotation marks and citation omitted). This exception applies "only in exceptional situations." Dennin v. Conn. Interscholastic Athletic Conference, Inc., 94 F.3d 96, 101 (2d Cir. 1996) (internal quotation marks and citation omitted). In the absence of a class action, a controversy is capable of repetition, yet evading review where both of the following two requirements are met: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). There is no serious dispute that the first requirement is met here; our focus, therefore, is on whether there is a reasonable expectation that Van Wie and Wright will be prohibited from participating in a future primary election.
 
 
 11
 A tension has arisen in cases applying the second prong of the Weinstein test in the elections context. Some recent election cases from the Supreme Court and this Court have steadfastly required that the same complaining party have a reasonable expectation that they will face the same action again. See Norman v. Reed, 502 U.S. 279, 288 (1992) (holding that appeal was not moot despite the fact that the election had passed, because "[t]here would be every reason to expect the same parties to generate a similar, future controversy" (emphasis added)); Ill. State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 187-88 (1979) (in a case challenging certain actions taken by the Illinois State Board of Elections, concluding that the case was moot after the election was completed because there was "no evidence creating a reasonable expectation that the [Board of Elections] will repeat its purportedly unauthorized actions in subsequent elections"); Lerman, 232 F.3d at 141 (holding that election case was not moot after election because "there is a reasonable expectation that the same complaining parties would be subject to that same action in the future").
 
 
 12
 Other cases, however, have not applied the same complaining party requirement in such a stringent manner. See Storer v. Brown, 415 U.S. 724, 737 n.8 (1974) (failing to evaluate the same party requirement in the context of an election case, even in the absence of a class action, and concluding that the case was not moot); Rosario v. Rockefeller, 410 U.S. 752, 756 n.5 (1973) (concluding that plaintiffs' class action challenge to New York's Election Law was capable of repetition yet evading review, although primary election had passed and the petitioners would be eligible to vote in the next primary); Dunn v. Blumstein, 405 U.S. 330, 333 n.2 (1972) (in challenge to a provision of Tennessee's election law, concluding that, although plaintiff would be eligible to vote in the next election, the controversy was capable of repetition yet evading review); Fulani v. League of Women Voters Educ. Fund, 882 F.2d 621, 628 (2d Cir. 1989) (holding that plaintiff's claims were not moot although the election was over, because the same issues would affect "minor-party candidacies" in the future, but failing to address whether Fulani herself would be affected).
 
 
 13
 We adopt the approach of the former cases, and hold that, in the absence of a class action, there must be a reasonable expectation that the same complaining party would encounter the challenged action in the future. We find additional support for this approach in the many Supreme Court cases which have rejected the application of the "capable of repetition, yet evading review" exception in the face of the complaining party's speculative and theoretical assertion that the issue in dispute was capable of repetition. See, e.g., Murphy v. Hunt, 455 U.S. 478, 482-83 (1982) (per curiam); Ill. State Bd. of Elections, 440 U.S. at 187-88 (1979). Cf. Golden v. Zwickler, 394 U.S. 103, 109 (1969) (ordering dismissal of a declaratory judgment action where there was insufficient "immediacy and reality" that the complaining party would again encounter the challenged action). Additionally, this Court recently explained that "mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." Dennin, 94 F.3d at 101 (internal quotation marks and citation omitted).
 
 
 14
 Applying this standard, we find that the second criterion of this exception to the mootness doctrine is not met in this case. Van Wie and Wright have not adequately demonstrated that they will again try to enroll in a political party (or change enrollment) for purposes of voting in a primary election. Indeed, in their supplemental brief, they claim merely that "they will face precisely the same dilemma if and when they again attempt to enroll in a political party for the purpose of engaging as active participants in the [primary] process." This assertion amounts to a mere theoretical possibility that the controversy is capable of repetition with respect to Van Wie and Wright. Such speculation does not establish "a reasonable expectation" that they will again be subjected to the same dispute. This appeal does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. We therefore dismiss the appeal as moot.[4]
 
 
 15
 When, as here, a civil case becomes moot on appeal, due to "`happenstance'" unattributable to the actions of the parties, we must also "vacate the district court judgment, and remand the case with instructions to dismiss the complaint." Blackwelder v. Safnauer, 866 F.2d 548, 550 (2d Cir. 1989) (citing Deakins v. Monaghan, 484 U.S. 193, 200 (1988), and United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)); see also Russman v. Bd. of Educ., 260 F.3d 114, 121 (2d Cir. 2001) (noting that, although "the appellant has no automatic right to vacatur," in ordinary cases courts liberally grant vacatur). This disposition avoids "giving preclusive effect to a judgment never reviewed by an appellate court." New York City Employees' Ret. Sys. v. Dole Food Co., Inc., 969 F.2d 1430, 1435 (2d Cir. 1992) (citing Deakins, 484 U.S. at 200, and Penguin Books USA Inc. v. Walsh, 929 F.2d 69, 73-74 (2d Cir. 1991)). We therefore vacate the district court's judgment and remand with instructions to dismiss the action.
 
 III. CONCLUSION
 
 16
 For the foregoing reasons, we hereby dismiss the appeal as moot, and hold that the matter does not fall within the "capable of repetition yet evading review" exception to the mootness doctrine. The judgment of the district court is vacated and the case is remanded with directions to dismiss the action. We express no opinion as to the merits of appellants' Equal Protection challenge to New York Election Law. Each side to bear its own costs.
 
 
 
 NOTES:
 
 
 [1]
 These subsections state:
 (2) The term "change of enrollment" shall apply to applications by a registered voter already enrolled in one party to enroll in a different party, or to delete his enrollment in any party, or an application by a registered voter not enrolled in any party to enroll in a particular party.
 (3) A change of enrollment received by the board of elections not later than the twenty-fifth day before the general election shall be deposited in a sealed enrollment box, which shall not be opened until the first Tuesday following such general election. Such change of enrollment shall be then removed and entered as provided in this article.
 N.Y. Elec. Law § 5-304(2), (3).
 
 
 [2]
 These subsections state, in relevant part:
 (1) In addition to local registration and veterans' absentee registration as provided in this chapter, any qualified person may apply personally for registration and enrollment, change of enrollment by mail or by appearing at the board of elections on any day, except a day of election, during the hours that such board of elections is open for business.
 (3) Completed application forms, when received by any county board of elections and, with respect to application forms promulgated by the federal election commission, when received by the state board of elections, or showing a dated cancellation mark of the United States Postal Service or contained in an envelope showing such a dated cancellation mark which is not later than the twenty-fifth day before the next ensuing primary, general or special election, or delivered in person to such county board of elections not later than the tenth day before a special election, shall entitle the applicant to vote in such election, if he is otherwise qualified.
 N.Y. Elec. Law § 5-210(1), (3).
 
 
 [3]
 The district court dismissed Wright's claim prior to reaching the merits of the complaint, because Wright submitted his change of enrollment form on February 25, 2000, and "would in no instance be qualified to vote in the March 7, 2000 primary elections." Van Wie, 87 F. Supp. 2d at 151.
 
 
 [4]
 We note that had the plaintiffs sought money damages in addition to their request for injunctive relief, this controversy would not be moot. Indeed, for suits alleging constitutional violations under 42 U.S.C. § 1983, it is enough that the parties merely request nominal damages. Cf. Dawes v. Walker, 239 F.3d 489, 497 (2d Cir. 2001) (Walker, C.J., writing separately) (noting nominal damages are available in a § 1983 action for a constitutional violation); Diesel v. Town of Lewisboro, 232 F.3d 92, 108 (2d Cir. 2000) (same). Thus, plaintiffs in election cases could avoid the potential for mootness by simply expressly pleading that should the election pass before the issuance of injunctive relief, nominal money damages are requested.
 We additionally note generally that in nominal damages cases, when such damage requests are below twenty dollars, there is no right to a jury trial. See U.S. Const. amend. VII.