**Karen KERIN, Plaintiff–Appellant,**

v.

**Bernard SANDERS, Defendant–Appellee.**

**No. 03–6100.**

United States Court of Appeals, Second Circuit.

Dec. 31, 2003.

---

Karen Kerin, South Royalton, V.T., for Appellant, pro se.

Kerry W. Kircher, Office of the General Counsel, U.S. House of Representatives, North Potomac, M.D., for Appellees.

Present: MESKILL, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Karen Kerin ("Kerin") appeals from the March 31, 2003 judgment of the United States District Court for the District of Vermont (Murtha, J.) granting Defendant–Appellee Bernard Sanders' ("Sanders") motion to dismiss based on failure to state a claim and mootness and denying Kerin's motion to remand.

In February 2002, Kerin, *pro se,* filed a *complaint* in Windsor County, Vermont Superior Court, alleging that Sanders, Vermont's representative in the United States House of Representatives, violated the Hatch Act, Kerin's First Amendment rights, and Article VII of the Vermont Constitution when he allegedly gave a campaign speech to high school students in Vermont. Specifically, she alleged that Sanders violated the Hatch Act by having federal employees organize and facilitate the event. She further alleged that because she was not allowed to speak at this event, her First Amendment rights were violated. She also alleged that the failure to allow her to speak violated the Common Benefits Clause because, as a candidate for the House seat in the Republican primary, she was deprived of an opportunity to address the students, some of whom were of voting age. Sanders removed from Vermont state court to the federal district court and on March 22, 2002, Sanders moved to dismiss the complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6) and (b)(5). On March 31, 2003, the district court granted Sanders' motion, finding that Kerin's complaint failed to state a claim upon which relief may be granted. This appeal follows.

As an initial matter, it should be noted that this case was properly removed to federal district court pursuant to 28 U.S.C. § 1441 because the complaint alleged a Hatch Act claim and a First Amendment claim, both of which arise under the laws of the United States, and also pursuant to § 1442(a)(1) because the complaint asserted claims against Sanders for actions taken in his official capacity as a member of the House of Representatives. The district court properly exercised its discretion in reviewing the Vermont state law claim because it was part of the same case and controversy as the federal law claims. *See Seabrook v. Jacobson,* 153 F.3d 70, 71–72 (2d Cir.1998).

Kerin's argument that the case should be remanded to state court because the House of Representatives attorneys representing Sanders in this case failed to comply with Vermont's *pro hac vice* rules is without merit. Under 2 U.S.C. § 130f(a),

general counsel for the House of Representatives are entitled to enter appearances in any proceeding before any court, including state courts, "without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 130f(a). Thus, the House attorneys' appearance in this case was proper.

A district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6) is reviewed *de novo. See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). "In reviewing dismissal of a complaint pursuant to Rule 12(b)(6), we take as true all of the allegations contained in plaintiffs' complaint and draw all inferences in favor of the plaintiffs." *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 145 (2d Cir.2002). Moreover, "[a] pro se complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Id.* (citation and internal quotation marks omitted).

Here, the district court correctly concluded that Kerin's complaint failed to state a claim upon which relief may be granted. On appeal, Kerin chose to contest only the district court's ruling with respect to her state law claim, which invoked the Common Benefits Clause found in Chapter 1, Article 7 of the Vermont Constitution. The court's ruling was correct because a plain reading of this provision makes clear that it only applies to actions by the state government and cannot be read as constraining the activities of Sanders, a federal officer. Kerin's arguments to the contrary, namely that Sanders is an officer of the Vermont state government, are without merit.

The district court also properly dismissed Kerin's complaint as moot because she was defeated in the Republican Party primary and was no longer a candidate running against Sanders. Her claim that this case is not moot because she plans to run against Sanders again in the future is too speculative to "fall within the 'capable of repetition, yet evading review' exception to the mootness doctrine." *Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir.2001).

For these reasons, the Court hereby AFFIRMS the district court's order granting Sanders' motion to dismiss.