**BEST PAYPHONES, INC.,**
**Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Defendant–Appellee.**

**No. 04–0390–BK.**

United States Court of Appeals,
Second Circuit.

March 31, 2005.

Joseph P. Garland, Law Office of Joseph P. Garland, New York, NY, for Appellants.

Karen M. Griffin, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York; Francis F. Caputo, Bruce Regal, Michael S. Adler, and Jerald Horowitz, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, MESKILL, and JACOBS, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Best Payphones, Inc. ("Best") appeals from a September 30, 2003, judgment of the District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) granting defendant-appellee City of New York's motion for summary judgment and dismissing as moot Best's claim that a franchise agreement previously issued by the City for the operation of public payphones violates the federal Telecommunications Act. On appeal, Best argues that the district court erred in finding that because Best had sold its public payphones and had not applied for a franchise from the City to operate new payphones, there was no justiciable controversy and the court thus lacked jurisdiction to hear Best's suit. Familiarity with the facts and procedural history is assumed. We affirm.

"The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute between parties. Thus, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, a case is moot and the federal court is divested of jurisdiction over it." *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir.2001) (internal quotation marks and citations omitted). We agree with the district court that Best's sale of its phones operating on the Interim Registry, the status of which was at the heart of this dispute when Best first filed its claim, removed from the case any interest Best originally may have had in invalidating the City's franchise agreement.

Furthermore, to the extent that Best argues that it has a stake in the resolution of this case because it is presently seeking to enter the public payphone market, we find that Best's interest in challenging the franchise agreement remains too remote to either meet the requirement of ripeness, or to bring this suit within any recognized exception to the mootness doctrine. As the City Council resolution authorizing the franchise agreement that Best seeks to challenge has expired, and as Best does not presently have an application for a new franchise pending with the City, we conclude that Best's interest in securing the relief it demands is wholly speculative. *See, e.g., Van Wie v. Pataki*, 267 F.3d 109, 113, 115 (2d Cir.2001).

We have carefully considered Best's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.