08-4731-cv
Van Allen v. Walsh

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand and ten.

PRESENT:
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*[*]

_____

H. William Van Allen,

> *Plaintiff-Appellant*,

> v.                                                          08-4731-cv

James A. Walsh, individual and official capacity as Commissioner of the New York State Board of Elections, *et al.*,

> *Defendants-Appellees.*

_____

For Appellant:          H. William Van Allen, *pro se*, Hurley, N.Y.

For Appellees:          Andrew Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor

_____

[*]Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

General, Denise A. Hartman, Andrew B. Ayers, Assistant Solicitors General, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant H. William Van Allen, *pro se*, appeals the district court's dismissal of his action for failure to state a claim upon which relief could be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.

Because Van Allen has filed a brief consisting solely of a document filed in the court below and a copy of a decision rendered by this Court in an unrelated and inapplicable case, he has failed to identify any issues for this Court to review. Issues not raised in an appellate brief are abandoned. *See Sledge v. Kooi*, 564 F.3d 105, 106 n.1 (2d Cir. 2009)*; LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). Van Allen's *pro se* status does not cure his failure to raise specific issues on appeal because, as we explained in *LoSacco*, although "appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards . . . , we need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal." 71 F.3d at 93 (internal citation omitted). Because Van Allen has abandoned any challenge to the district court's order by failing to identify the issues on appeal, we need not review the district court's ruling.

Moreover, even liberally construing Van Allen's filing in this Court as a brief, his claims fail. "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6),

2

construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). As the district court found, the Supreme Court's ruling in *Rosario v. Rockefeller*, 410 U.S. 752 (1973), upholding a similar timing provision of election law, governs this case. As there is no meaningful difference between the provision at issue in *Rosario* and the one at issue in this case, there is no basis for a constitutional challenge to New York Election Law § 5-304.

To the extent that Van Allen's challenge to the statute is distinguishable from the situation in *Rosario*, in that he is challenging the effect of the delay on his campaign and not on his right to vote, he has failed to identify any basis for such a challenge to the provision, as any delay in voter enrollment does not preclude him from campaigning. Moreover, because the election he wished to campaign for has passed and Van Allen has made no allegation below or on appeal that he intends to campaign for the Independence Party in subsequent elections, the action must be dismissed as moot. *See Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001) (dismissing as moot where parties asserted only that they might again try to change their party affiliation).

Finally, as the district court found, the challenged voter registration form states that non-enrolled voters are permitted to vote in Independence Party primaries. To the extent that Van Allen has claimed that he received a 2007 notice and registration form without a statement excepting the Independence Party from the enrollment requirement, he has not alleged any injury stemming from that notice as he is, in fact, an enrolled member of the Independence Party. Because he has not alleged any injury from that notice, he has no standing to challenge it. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (To meet the standing requirements, "[a] plaintiff must

3

allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."); *MacDonald v. Safir*, 206 F.3d 183, 188 (2d Cir. 2000) (providing that standing is a jurisdictional requirement). To the extent that Van Allen is asserting that he has been harmed because the omission on the form hindered his ability to interest voters in the party prior to the primary, the claim is moot because, as noted above, the election that he sought to affect has passed and he has made no allegation that he intends to campaign or attempt to reconstitute the county committee in the future. *See Van Wie*, 267 F.3d at 115.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk