**PARTSRIVER, INC., Plaintiff–Appellant,**

v.

**SHOPZILLA, INC., Defendant–Appellee,**

and

**Yahoo!, Inc., Defendant–Appellee,**

and

**Ebay Inc. and Microsoft Corporation, Defendants–Appellees.**

No. 2009–1591.

United States Court of Appeals, Federal Circuit.

Nov. 3, 2010.

## ORDER

The court, PER CURIAM, determines as follows:

PartsRiver, as owner of United States patent No. 6,275,821, charged several defendants with infringement of patent claims 1 and 2, by suit filed in the Northern District of California. While the litigation was pending, the defendants requested reexamination of claims 1 and 2, the only claims asserted in the litigation. Re-

examination was accepted, and these actions proceeded concurrently.

On reexamination, the PTO ruled that claims 1 and 2 as issued were anticipated by prior art when given their "broadest reasonable interpretation," citing the Examiner's Action of June 18, 2009, but that the limiting amendments made during reexamination restored amended claims 1 and 2 to allowability, along with newly added claim 9. The Reexamination Certificate issued on October 13, 2010.

Meanwhile, the district court ruled on summary judgment that claims 1 and 2 were invalid for violation of the on-sale bar, and did not reach any other issues raised in the pleadings. *PartsRiver, Inc. v. Shopzilla, Inc.*, No. C 09–811 CW, 2009 WL 2591355 (N.D.Cal. Aug. 21, 2009). PartsRiver duly appealed this judgment to this court, briefing was completed, and argument set for November 3, 2010.

Promptly after issuance of the Reexamination Certificate, PartsRiver moved to withdraw this appeal as moot, since original claims 1 and 2 no longer exist. PartsRiver also moved to vacate the summary judgment, again on the ground that original claims 1 and 2, the subject of that judgment, no longer exist. The defendants do not object to the withdrawal of the appeal, but object to the requested vacatur of the judgment.

Each side has authority for its procedural position. PartsRiver cites *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997), where the Court held that when a civil case on appeal becomes moot, "the established practice ... is to reverse or vacate the judgment below and remand with a direction to dismiss," citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41, 71 S.Ct. 104, 95 L.Ed. 36 (1950), where the Court held that when a judg-

ment on appeal is mooted "through happenstance" it should be vacated, to "prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *See also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) ("The reference to 'happenstance' in *Munsingwear* must be understood as an allusion to this equitable tradition of vacatur. A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.") (citing *United States v. Hamburg–Amerikanische Packetfahrt–Actien Gesellschaft*, 239 U.S. 466, 477–78, 36 S.Ct. 212, 60 L.Ed. 387 (1916)).

The Court in *U.S. Bancorp* also stated that "[t]he same is true when mootness results from unilateral action of the party who prevailed below," 513 U.S. at 25, 115 S.Ct. 386. However, PartsRiver did not prevail below. PartsRiver argues that the rationale for vacatur is to "avoid[ ] giving preclusive effect to a judgment never reviewed by an appellate court," the words of *Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir.2001). The Ninth Circuit, in whose circuit this case resides and whose procedure applies, has held similarly. *See Doe v. Madison School Dist. No. 321*, 177 F.3d 789, 799 (9th Cir.1999) (en banc) ("We are left with a district court's decision that no one can challenge. When mootness occurs in a civil action due to happenstance, the established practice in federal court is to vacate the decision below.").

Equally supportive authority for the opposing view is cited by the defendants, who point to their hard-won and expensive success in the district court and the patentee's voluntary amendment of the claims on reexamination. The defendants argue

that they have an interest in preserving the district court's judgment, citing *U.S. Bancorp,* 513 U.S. at 25, 115 S.Ct. 386 (explaining that vacatur is generally, but not universally, disapproved when parties voluntarily settle their dispute after decision), and also citing Ninth Circuit precedent, *e.g., United States v. Rutledge,* 448 F.3d 1080, 1081 (9th Cir.2006) (withdrawing panel opinion on appeal but declining to vacate district court order, where parties voluntarily reached an agreement that mooted the district court's order).

Federal Circuit precedent is also mixed, and review confirms that courts in general have sought an equitable disposition attuned to the specific case, on consideration of all of the factors that contributed to the requested vacatur, including any public as well as private interests that may be affected. When patents are involved there may be an added aspect of public interest, as recognized in *Cardinal Chemical Co. v. Morton International, Inc.,* 508 U.S. 83, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993), where the Court held that the district court's invalidity judgments should in general be reviewed on appeal instead of vacated, even if mooted by non-infringement, because of "the importance to the public at large of resolving questions of patent validity." *Id.* at 100, 113 S.Ct. 1967.

The courts generally do not require, or permit, parties to litigate the appeal of an issue that no longer exists. However, as the defendants stress, the patentee made the statement in the Patent and Trademark Office record that the amended reexamined claims are "legally identical" to the cancelled claims. In *Cardinal Chemical* the Court appreciated that upon vacatur of the decision of an issue that may again have to be litigated "the defendant's time and money are diverted from alternative

uses—productive or otherwise." *Id.* at 101 n. 23, 113 S.Ct. 1967.

The patentee does not represent, in its motion to dismiss the appeal, that the litigation as to this patent is over. We thus apply the Court's guidance in *U.S. Bancorp,* that "[o]f course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to *Federal Rule of Civil Procedure 60(b).*" 513 U.S. at 29, 115 S.Ct. 386, *See also* Fed. R.App. P. 12.1. The district court is in the best position to resolve any issues related to the preservation or vacatur of its summary judgment, including, if the district court deems appropriate, whether the amendment of the claims has any practical impact on the court's decision, and whatever public interest is shown to apply.

Therefore,

IT IS ORDERED THAT:

(1) the motion to dismiss the appeal is granted;

(2) the motion to vacate the judgment is denied without prejudice; and

(3) the case is remanded to the district court.