11-794-cv
Yandow v. Kronau

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT:   AMALYA L. KEARSE,
                    RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*,
                    EDWARD R. KORMAN,
                                *District Judge*.[*]

------------------------------------------------------------------

JAMES YANDOW,
                                *Plaintiff-Appellant*,

            v.                                  No. 11-794-cv

G. LAWRENCE KRONAU, Town Justice for the Town of Poestenkill, New York, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, DAVID J. SWARTS, Commissioner of the NY DMV,
                                *Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANT:   WARREN REDLICH, The Redlich Law Firm, Albany, NY.

FOR APPELLEE:   ANDREW B. AYERS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Nancy A. Spiegel, Senior Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Plaintiff-Appellant James Yandow sued pursuant to 42 U.S.C. § 1983 to enjoin the Defendants-Appellees from enforcing New York State's Prompt Suspension Law, New York Vehicle and Traffic Law § 1193(2)(e)(7), under which Yandow's commercial driver's license was suspended after he was charged with driving while intoxicated ("DWI"). He now appeals from the District Court's order denying his motion for summary judgment and granting defendants-appellees' cross-motion for summary judgment. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to dismiss.

On or about June 8, 2009, Yandow was charged with driving while intoxicated in violation of New York Vehicle and Traffic Law § 1192(2). At a court appearance on July 27, 2009, defendant-appellee G. Lawrence Kronau, a Town Justice of the Town Court of Poestenkill, New York, ordered that Yandow surrender his New York State commercial driver's license pursuant to New York's Prompt Suspension Law. At Yandow's request, Justice Kronau held a hearing regarding the suspension and determined that the documents accusing Yandow were facially sufficient and that there was reasonable cause to believe that Yandow had unlawfully operated a motor vehicle while his blood alcohol content exceeded 0.08 percent. Justice Kronau then suspended Yandow's license pending criminal prosecution.

Yandow sued, alleging violations of his procedural and substantive due process rights under 42 U.S.C. § 1983, and requesting a preliminary injunction to regain his license. The District Court denied Yandow's request for a preliminary injunction because he failed to show a likelihood of success on the merits. In April 2010 Yandow moved for

2

a permanent injunction seeking the same relief, and the defendants moved for summary judgment. In June 2010, while those motions were pending, Yandow notified the District Court that the DWI charges against him had been dismissed under New York's Speedy Trial Law, N.Y. Crim. Proc. L. § 30.30. Yandow conceded that he had regained his license, but he noted that the district attorney had filed a notice of appeal challenging the dismissal. In January 2011 the District Court granted the defendants' cross-motion for summary judgment and denied Yandow's motion for summary judgment after concluding that the application of the Prompt Suspension Law did not violate Yandow's due process rights. This appeal followed.

At oral argument on appeal, Yandow notified this Court that the district attorney had succeeded in challenging the dismissal of the DWI charges and that Yandow was scheduled to appear in state court for further proceedings. By order dated March 7, 2012, we instructed Yandow to update the Court regarding the state proceedings and whether his commercial driver's license was again suspended. By letter dated March 11, 2012, Yandow responded that there had been no discussion of a renewed suspension of his license during a conference on March 7, 2012 and that he expected the state court criminal proceeding to continue "into 2013 and perhaps longer."

On appeal, the defendants argue that Yandow's challenge is moot in light of the fact that he regained his license. We agree.

"The mootness doctrine is derived from the constitutional requirement that federal courts may only decide live cases or controversies." Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 647 (2d Cir. 1998). A suit seeking injunctive relief "becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." Id. An exception exists for disputes that are "capable of repetition, yet evading review"–that is, cases outside the class action context where "(1) the challenged action is in its duration

3

too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." Van Wie v. Pataki, 267 F.3d 109, 114 (2d Cir. 2001) (internal quotation marks and alterations omitted).

Because the district attorney succeeded in appealing the dismissal of Yandow's charges, there is conceivably a "reasonable expectation" that Yandow's license will again be suspended. See id. However, his claim does not "evad[e] review." See id. If his license is suspended as a result of the reinstated DWI prosecution, Yandow will have enough time to reassert his constitutional challenge.

Accordingly, we DISMISS Yandow's appeal as moot.


                                                    FOR THE COURT:
                                                    Catherine O'Hagan Wolfe, Clerk of Court