**F.O. and E.O., individually, and on Behalf of Brendan O., a minor, Plaintiffs,**

v.

**The NEW YORK CITY DEPART-MENT OF EDUCATION, Defendant.**

**No. 10 Civ. 8510(DAB).**

United States District Court, S.D. New York.

Sept. 10, 2012.

Lawrence D. Weinberg, New York, NY, for Plaintiffs.

Charles Edward Carey, Thaddeus Jeremiah Hackworth, New York City Law Department, New York, NY, for Defendant.

## ORDER

DEBORAH A. BATTS, District Judge.

Plaintiffs, F.O. and E.O., individually and on behalf of their minor child, Brendan O. (collectively, "Plaintiffs"), bring this action seeking to challenge and appeal an interim decision of a State Review Officer ("SRO") made during the pendency of an administrative proceeding held pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq., for the 2010–2011 school year. In that decision, the SRO decided that Defendant New York City Department of Education ("DOE") did not have to pay for a health paraprofessional for the student plaintiff. Despite the State Review Officer's decision, the DOE provided the student with a health paraprofessional for the pendency of this action during the 2010–11 school year, which has now ended.

This action is before the Court on Defendant DOE's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). For the reasons below, Defendant's Motion is GRANTED in its entirety and the case is DISMISSED.

## I. BACKGROUND

Plaintiff Brendan O. ("Brendan," the "Student") is a student with a disability. (Compl. ¶ 6.) Brendan has Congenital Myasthenia Gravis Fast Channel Syndrome and Autistic Spectrum Disorder. (Compl. ¶ 19.) Defendant does not dispute that Brendan is accurately classified as a child with a disability under IDEA, 20 U.S.C. § 1401(3). Brendan has a long history of difficulties in school and requires

special education and related services. (Compl. ¶ 18.)

On or about May 25, 2010, the DOE developed an Individualized Education Program ("IEP") for Brendan for the 2010–2011 school year. (Compl. ¶ 19.) Plaintiffs allege that the proposed public school placement offered to implement the IEP's recommendations was inappropriate and inadequate to meet Brendan's needs, and instead enrolled him at the Rebecca School. (Compl. ¶¶ 33–35.) The Rebecca School is a for-profit private school at which the cost of attendance for the 2010–2011 academic year is $92,100.00. (Compl. ¶ 35.) Pursuant to 20 U.S.C. § 1415(f) and 8 N.Y.C.R.R. § 200.5(i), on or about June 28, 2010, Plaintiffs F.O. and E.O. instituted an administrative proceeding against the DOE seeking reimbursement for the Rebecca School tuition and the provision of a health paraprofessional for Brendan. (Compl. ¶ 38.)

During the course of the impartial hearing, Plaintiffs requested that the Impartial Hearing Officer ("IHO") issue an Order requiring the DOE to provide a health paraprofessional for Brendan during the pendency of the proceedings. (Compl. ¶¶ 40–42.) By Order dated July 28, 2010, the IHO found that Brendan was not entitled to the services of a health paraprofessional under the IDEA's pendency provision, but nonetheless ordered that the DOE fund a paraprofessional for the pendency of the proceedings due to his "multiple serious medical conditions" and for "his health and safety." (Compl. ¶ 44.) Defendant appealed the IHO decision to a State Review Officer ("SRO") who held on October 27, 2010, that the portion of the IHO's Order that directed the DOE to provide the services of a paraprofessional during the pendency of the administrative proceedings was contrary to law. (Compl. ¶ 46.) This action followed.

Plaintiffs now appeal to this Court the denial by the SRO of the interim relief they sought during the pendency of the IDEA proceedings for the 2010–2011 school year. Plaintiffs' Complaint states "[t]his action addresses only the SRO Decision No. 10–083, which reversed the IHO's interim providing the services of a health paraprofessional to the child during the course of [the 2010–2011 school year]'s impartial hearing." (Compl. ¶ 3.) Following the filing of this action, DOE agreed to provide the services of a paraprofessional to Brendan for the 2010–2011 school year pending the outcome of the underlying IDEA proceedings. (See Dkt. # 6, Scheduling Order from this Court dated January 14, 2011 noting that Defendant is "voluntarily paying for para-professional during pendency.")

On February 28, 2011, the IHO issued her final decision in the matter, holding that the DOE was required to provide Brendan with the health paraprofessional for the remainder of the year and his parents were entitled to tuition reimbursement. The DOE appealed and on June 6, 2011, the SRO reversed the decision of the IHO and held that the DOE did not have to reimburse the tuition expenses. Plaintiffs have appealed the June 6, 2011 decision in a separate action that is pending before this Court. (See 11 Civ. 6660(DAB), F.O. et al. v. New York City Department of Education.) The 2010–2011 school year has since ended, and Brendan has accepted a new IEP and placement for the 2011–2012 school year at a DOE public school where he is being provided with the services of a health paraprofessional.

Defendant now moves pursuant to Fed. R.Civ.P. 12(h)(3) to dismiss this action for lack of subject matter jurisdiction. Defendant argues that because the relief requested by Plaintiffs—the provision of a

health paraprofessional during the 2010–2011 school year—has already been received and nothing further can be gained from a decision in this action, Plaintiffs' claims are moot. Plaintiffs concede that this case is moot, but argue that an exception to the mootness doctrine applies here because this claim is "capable of repetition, yet evading review." *United States v. Juvenile Male,* —— U.S. ——, 131 S.Ct. 2860, 2865, 180 L.Ed.2d 811 (2011).

## II. DISCUSSION

### A. Legal Standard

■■■■ Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that " [i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R.Civ.P. 12(h)(3). A court must ensure at all times that it has subject-matter jurisdiction because any ruling or judgment issued without it would be hypothetical in nature. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The absence of a live controversy can deprive a court of subject matter jurisdiction. Therefore, "[t]o qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stage of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

■■■■ "The mootness doctrine is derived from the constitutional requirement that federal courts may only decide live cases or controversies." *Yandow v. Kronau,* 474 Fed.Appx. 797, 799 (2d Cir.2012) (quoting *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 647 (2d Cir.1998)). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is

no reasonable expectation that the alleged violation will recur." *Irish Lesbian & Gay Org.,* 143 F.3d at 647. Nonetheless, an exception exists for cases that are "capable of repetition, yet evading review"—that is, cases where "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Van Wie v. Pataki,* 267 F.3d 109, 114 (2d Cir.2001) (internal quotations, alterations omitted). However, this "exception to mootness principles is severely circumscribed [and] ... applies only in exceptional situations." *Knaust v. City of Kingston,* 157 F.3d 86, 88 (2d Cir.1998) (internal quotations, citations omitted).

### B. Plaintiffs' Claim that this Case Falls Within the Exception to Mootness

■■■■ Plaintiffs concede that "[t]his case is moot." (Pl. Opp'n to Def's Motion to Dismiss, at 8.) Plaintiffs filed this action alleging that the DOE failed to provide Brendan with a health paraprofessional during the course of his hearing for the 2010–2011 school year. However, the relief that Plaintiffs sought in this matter, having the DOE provide a paraprofessional during the 2010–2011 school year, has been provided; the school year is over and the DOE voluntarily provided the paraprofessional. Plaintiffs' claim is therefore moot.

Plaintiffs nonetheless argue that the exception to mootness principles applies here because the case is "capable of repetition, yet evading review." They note that at the time Defendant's Motion to Dismiss was filed, Brendan was eight years old; thus, Plaintiffs argue, Brendan's parents can anticipate at least ten additional IEP's related to Brendan's education, until he graduates from high school. Plaintiffs al-

lege that there is a reasonable probability that they will have to litigate the appropriateness of Brendan's placement in the future and, specifically, there is a reasonable probability that they will have to litigate the issue of the DOE providing a health paraprofessional during the pendency of a hearing.

■ The narrow exception to mootness principles applies only when an action is so short in duration that it evades review, and there is a reasonable probability that Plaintiffs would be subject to the same action again. *Van Wie*, 267 F.3d at 114. The Court is not persuaded by Plaintiffs' arguments that the exception applies in this case.

While Plaintiffs argue that the short time frame of a single school year results in litigation of this sort evading review, here the Complaint was filed with more than seven months remaining in the school year. The issues were not resolved by the Court prior to the end of the school year not because of time constraints, but because the Parties agreed to await the IHO's final determination precisely because that determination and subsequent events could moot this action. (*See* Scheduling Order dated January 14, 2011, Dkt. # 6.) It is not clear that the issues in this case could not have been fully litigated during the pendency of the school year otherwise.

■ Even assuming that Plaintiffs have shown that this issue would evade review due to its short duration, there is no "reasonable expectation" that Plaintiffs here would be "subject to the same action again." *Van Wie*, 267 F.3d at 114. "[M]ere speculation that the parties will be involved in a dispute over the same issues does not rise to the level of a reasonable expectation or demonstrated possibility of recurrence." *Dennin v. Connecticut Interscholastic Athletic Con-*

*ference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996). The "action" suffered by Plaintiffs in this case—to have been denied specific interim relief during the pendency of the underlying impartial hearing for the 2010–2011 school year—could not possibly happen again. Any determination of Brendan's right to a particular placement in future years is premature. Moreover, Plaintiffs have now accepted a new IEP for the 2011–2012 school year which includes the provision of a paraprofessional by the DOE, and the DOE concedes that the paraprofessional would now be part of Brendan's pendency provisions in any subsequent litigation. (Def's Reply, at 7.) Thus, even if Plaintiffs were to challenge a future IEP that is developed for Brendan, the DOE would have no basis for arguing that the paraprofessional was not part of Brendan's pendency placement—the precise dispute at issue in this matter. There is thus no "reasonable expectation" that Plaintiffs here would be "subject to the same action again." *Van Wie*, 267 F.3d at 114.

Accordingly, the Court finds that the exception to mootness principles does not apply in this case. Plaintiffs' substantive claims are moot and this Court therefore does not have subject matter jurisdiction over this matter. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED, and the case is hereby DISMISSED.

### C. Plaintiffs' Request Regarding "Prevailing Party" Status

In their Opposition to Defendant's Motion to Dismiss, Plaintiffs request that the Court grant them Prevailing Party status in the event their substantive claims are dismissed. However, this request is not properly before the Court, as Plaintiffs have not moved for an adjudication of

**256**

Plaintiffs' Prevailing Party status or for an award of attorney's fees. *See* Fed.R.Civ.P. 7(b)(1), 7(b)(1)(A). Accordingly, the Court denies Plaintiffs' request that they be awarded Prevailing Party status, without prejudice to Plaintiffs' ability to make a motion for attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(I).

### III. CONCLUSION

For the reasons above, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby GRANTED in its entirety and the case is DISMISSED. The Court denies Plaintiffs' request that the Court grant them Prevailing Party status, without prejudice to Plaintiffs' ability to make a motion for attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(I).

SO ORDERED.