13-3328-cv
Sloan v. Caruso *et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fourteen.

Present:
PRESENT:
   JOHN M. WALKER, JR.,
   PETER W. HALL,
    *Circuit Judges*,
   J. GARVAN MURTHA,[1]
    *District Judge.*

_____

SAM SLOAN,

    *Plaintiff–Appellant*,

RICHARD BOZULICH, THOMAS R. STEVENS,

    *Plaintiff,*

   v.            No. 13-3328-cv

SALVATAORE G. CARUSO, DANIEL S. SZALKIEWICZ, BOARD OF ELECTIONS IN THE CITY OF NEW YORK,

    *Defendants–Appellees*.

_____

FOR APPELLANT:   Sam Sloan, Bronx, New York.

---

[1] Judge J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLEES:          Larry A. Sonnenshein, Stephen Kitzinger, Susan P. Greenberg, *for* Jeffrey D. Friedlander, Acting Corporation Counsel of the City of New York, New York, NY.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

In 2013, Sam Sloan attempted to run as a Republican candidate for mayor of New York City. He submitted a nominating petition to the New York City Board of Elections ("BOE"). Salvataore Caruso filed an objection, arguing that the witnesses to the petitions were not registered Republicans as required by New York's "Party Witness Rule." The BOE rejected Sloan's petition. Sloan brought a *pro se* action in the district court for the Southern District of New York against Caruso, Daniel Szalkiewicz (Caruso's lawyer), and the BOE, requesting that the district court order the BOE to put his name on the ballot. Construing the action as one for a preliminary injunction, the district court denied Sloan's requested relief because Sloan had not demonstrated a likelihood of success on the merits. Sloan appeals that denial. He argues that the case is not moot, despite the passing of the 2013 election cycle, because he intends to run for "state-wide office" in 2014, and the "same issue is likely to come up again." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court lacks jurisdiction over the appeal because intervening events have rendered Sloan's appeal moot. "'In general, an appeal from the denial of a preliminary injunction is mooted by the occurrence of the action sought to be enjoined.'" *Knaust v. City of Kingston*, 157

2

F.3d 86, 88 (2d Cir. 1998) (quoting *Bank of N.Y. Co. v. Northeast Bancorp, Inc.*, 9 F.3d 1065, 1067 (2d Cir. 1993)).  "A moot case may still be justiciable, however, if the underlying dispute is 'capable of repetition, yet evading review.'"  *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (quoting *Knaust*, 157 F.3d at 88).  This exception applies when "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'"  *Id.* at 114 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

Sloan sought to have his name added to the ballot as a Republican candidate for mayor in the 2013 New York City Republican primary and general elections.  Because the 2013 election cycle has passed, we cannot offer "effective relief," and Sloan's appeal is moot.  Furthermore, this is not a matter that can be described as "capable of repetition, yet evading review."  Sloan's speculative assertion that the "same issue is likely to come up again" because he intends to run for an unspecified office in 2014 amounts to "a mere theoretical possibility that the controversy is capable of repetition."  *Id.* at 115.  "Such speculation does not establish 'a reasonable expectation' that [he] will again be subjected to the same dispute."  *Id.*

We have reviewed Sloan's remaining arguments and find them to be without merit.  Accordingly, we **DISMISS** the appeal as moot.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We note, additionally, that in the interim between submission of the appeal and the filing of this Order, the district court has now dismissed Sloan's complaint.

3