Joseph DENNIN, Nancy Dennin, as guardians and next friend of David Dennin, David Dennin and The Trumbull Board of Education, Plaintiffs–Appellees,

v.

The CONNECTICUT INTERSCHOLASTIC ATHLETIC CONFERENCE, INC., Defendant–Appellant.

No. 1801, Docket 96–7065.

United States Court of Appeals, Second Circuit.

Argued June 17, 1996.

Decided Aug. 30, 1996.

Richard J. Buturla, Milford, Connecticut (Marsha Belman Moses, Berchem, Moses & Devlin, Milford Connecticut, on the brief), for Plaintiffs–Appellees.

Richard D. O'Connor, Hartford, Connecticut (Dana Shaw MacKinnon, Siegel, O'Connor, Schiff & Zangari, Hartford Connecticut, on the brief), for Defendant–Appellant.

Richard Blumenthal, Attorney General for the State of Connecticut, Hartford, Connecticut (David M. Teed, Assistant Attorney General, Hartford, Connecticut, on the brief), for Amicus State of Connecticut in support of Plaintiffs–Appellees.

Mallory V. Mayse, Columbia, Missouri, filed a brief for Amicus Missouri State High School Activities Association in support of Defendant–Appellant.

Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Missouri (Maurice A. Watson, Shirley W. Keeler, Kansas City, Missouri, of counsel), filed a brief for Amicus National Federation of State High School Associations in support of Defendant–Appellant.

Cornelius & Collins, Nashville, Tennessee (Richard L. Colbert, Nashville, Tennessee, of counsel), filed a brief for Amici Tennessee Secondary School Athletic Association, et al., in support of Defendant–Appellant.

Before: KEARSE, MAHONEY, and McLAUGHLIN, Circuit Judges.

KEARSE, Circuit Judge:

Defendant The Connecticut Interscholastic Athletic Conference, Inc. ("CIAC"), appeals from a final judgment entered in the United States District Court for the District of Connecticut, Peter C. Dorsey, *Chief Judge,* ruling that CIAC's refusal in 1995 to waive its maximum-age rule with respect to plaintiff David Dennin ("David"), then a 19–year–old high school student with Down Syndrome, violated David's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (1994), and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 (1994), and ordering CIAC to permit David to compete in interscholastic swim meets during the 1995–1996 swim season. On appeal, CIAC contends principally that the district court erred in finding the ADA and the Rehabilitation Act applicable to CIAC and in concluding that plaintiffs were entitled to a preliminary injunction requiring CIAC to allow David to compete. We do not reach the merits of these issues because, the 1995–1996 swim season having ended on March 2, 1996, and plaintiffs having represented that they will not seek a waiver of the CIAC maximum-age rule for future seasons, the present appeal is moot. We accordingly dismiss the appeal and instruct the district court to dismiss the complaint.

## I. BACKGROUND

CIAC is a nonprofit corporation that supervises and directs interscholastic athletics among 175 public and private secondary schools in the State of Connecticut. The organization is funded primarily by dues paid by member schools, which are subject to CIAC's rules regulating interscholastic athletic competitions in Connecticut. Trumbull High School ("Trumbull"), operated by plaintiff Trumbull Board of Education, is a member of CIAC and is subject to its regulations.

One of CIAC's Rules of Eligibility and Control for Boys and Girls High School Athletics in Connecticut provides that in order to be eligible for participation in interscholastic athletic events,

> [t]he pupil shall not have reached his or her nineteenth (19) birthday, except that a player who reaches his or her nineteenth

(19) birthday on or after September 1 shall be eligible to compete during the remainder of the school year if he or she is otherwise eligible.

(Rule II.B. (the "maximum-age" rule).) In addition, Rule II.B. provides that "[n]o pupil who has been enrolled in grades 10, 11, or 12" is eligible to "participate in the same branch of athletics for more than three (3) seasons." (*Id.*) CIAC's eligibility rules are intended in part to preserve the safety and competitiveness of interscholastic sporting events. The maximum-age rule is designed principally to protect younger students from competition against bigger and stronger older students, to prevent older students from preempting participation by younger students, and to deter high school coaches from "red shirting," *i.e.,* encouraging student athletes to delay their academic progress so that the high school team can benefit from their greater physical maturity.

Students who are eligible for participation in CIAC-sponsored events are listed on CIAC's eligibility list. Those who are not listed on the eligibility list are not permitted to compete in CIAC meets as point-scoring members of the team. CIAC By–Laws ("By–Laws") also permit swimmers who are not listed on the CIAC eligibility list to swim in a meet as exhibition swimmers. Such swimmers are not eligible to score points for the team, and their participation as members of a relay team makes that relay team ineligible to score points during the interscholastic meet. Any school that uses an ineligible player in a competition is subject to various penalties, including a punitive fine of up to $10,000. The CIAC By–Laws establish an Eligibility Committee that is empowered to grant waivers of the eligibility rules where "in its opinion, such exceptions are for just cause and to further the objectives of the CIAC." (By–Law VIII.B.4.)

David is a mentally retarded student with Down Syndrome, a disability within the meaning of the Rehabilitation Act, *see* 29 U.S.C. § 706(8)(B) ("disability" includes a "mental impairment which substantially limits one or more ... major life activities"), and is eligible for special education pursuant

to the Individual with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (1994) ("IDEA"). As a result of his disability, David required four years, rather than three, to complete middle school, and he began the 9th grade at Trumbull at the age of 16. Participation on the Trumbull swim team is open to all students; no one is excluded on the basis of ability. David was a full member of the Trumbull swim team in the 9th, 10th, and 11th grades and regularly competed in two relay races during interscholastic swim competitions. Although he was much the slowest swimmer on the team, his relay team occasionally won points for the Trumbull team. His participation on the swim team helped David to develop better social skills, provided him with nutritional information, and made him feel a part of the high school. In light of these benefits, his special education Planning and Placement Team "strongly recommend[ed]" in June 1994 that David continue to be an active member of the swim team.

David reached the age of 19 in February 1995, and was therefore ineligible, under CIAC eligibility rules, to swim on the Trumbull team during the 1995–1996 swim season. School officials wrote to CIAC, requesting clarification of David's eligibility status and asking that he be permitted to train and swim as a nonscoring team member in the 1995–1996 swim season. CIAC responded that David would be permitted during that swim season to train with the team and to participate unofficially in swim meets provided that (1) the team did not add David's name to the CIAC eligibility list; (2) he swam as an "unofficial" entry in meets; (3) he did not score points; and (4) his name did not appear in the official score book.

In May 1995, David's parents, plaintiffs Joseph and Nancy Dennin, petitioned CIAC for, *inter alia,* a waiver of the maximum-age eligibility rule to allow David to swim as a full member of the Trumbull team during the 1995–1996 season. The Dennins argued that David's slow swim times assured that his participation on the team would not give Trumbull an unfair advantage and that, since swimming is a noncontact sport, his membership on the team would not raise concerns about the safety of younger student athletes. The Dennins informed CIAC that though David would remain in high school for two more years until he turned 21, they sought a waiver for only the first of those two years, so that David could be on the swim team for a full four years from 9th through 12th grades, as could nondisabled high school students.

In response, CIAC denied the waiver and revoked its permission for David to swim in meets even unofficially. It informed the Dennins that David was not eligible under existing CIAC rules and could not participate unless CIAC's Athletic Board of Control ("Board of Control") granted him an exception. CIAC thereafter informed the Dennins that no exception would be granted.

Plaintiffs appealed. The Board of Control again denied plaintiffs' request for a waiver of the maximum-age eligibility rule; but it ruled that David would be allowed to swim as an exhibition swimmer on the Trumbull team during the 1995–1996 season. However, he would not be eligible to score points; any relay team on which he swam would also be ineligible to score points; his name would not appear on the 1995–1996 CIAC eligibility list; and his name could not appear on the Trumbull swim team roster or in the team score book for the 1995–1996 season.

David and his parents, joined by the Trumbull Board of Education, commenced the present action, alleging that CIAC's refusal to grant David a one-year waiver of its maximum-age limitation violated David's rights under, *inter alia,* the ADA and the Rehabilitation Act. They simultaneously moved for a preliminary injunction to enjoin CIAC from denying David a waiver, contending principally that the sole reason for David's ineligibility was the disability that had caused him to take longer to complete his earlier education, and that, in light of the therapeutic effect of his participation, David would suffer irreparable harm if not permitted to swim on the team as an official member.

The district court granted plaintiffs' motion and enjoined CIAC from denying David a waiver of its maximum-age eligibility rule. In a Ruling on Motion for Preliminary Injunction ("District Court Opinion"), the court

concluded that plaintiffs would likely succeed in establishing (1) that CIAC was an entity covered by the ADA, either because it operated a place of public accommodation or because public schools had delegated to CIAC the authority to direct and control their athletic programs, making the organization an instrumentality of the state; (2) that CIAC was an entity covered by the Rehabilitation Act because it indirectly received federal financial assistance through the dues paid by member public schools; and (3) that CIAC's denial of the waiver violated the federal statutes because (a) David was an individual with a disability, (b) he was otherwise qualified because, with reasonable accommodation by CIAC, he could meet the essential requirements of the program despite his disability, and (c) he had been discriminated against solely on the basis of his disability. The court also concluded that David had a federally protected right to participate in interscholastic sports because such participation had been recommended as part of his special education program under the IDEA, that he had been denied a meaningful individualized inquiry before being deprived of that right, and that "upon individualized inquiry, no reason not to grant the waiver exists," District Court Opinion at 16. The court found that, in light of David's special educational needs, CIAC's denial of a waiver, thereby potentially depriving David not only of opportunities to participate in interscholastic meets but also of the indicia of full team membership, would cause him irreparable harm.

Accordingly, the court granted plaintiffs' motion for a preliminary injunction and enjoined CIAC from denying David a waiver of its maximum-age eligibility rule for the 1995–1996 season. Further concluding that that ruling was "dispositive of the merits of plaintiff[s'] claims for relief," *id.* at 16–17, the court entered final judgment in favor of plaintiffs.

CIAC appealed and moved on January 22, 1996, to have the appeal expedited principally on the ground that the Trumbull swim season would end on March 2, 1996, and David's participation on the swim team would terminate at that time. CIAC did not move for a stay pending appeal. The motion to expedite was denied by this Court.

## II. DISCUSSION

■ On appeal, CIAC contends principally that the district court erred in finding that the federal statutes in question are applicable to CIAC, that CIAC violated those statutes, and that David would be irreparably harmed if an injunction were not granted. Although some of these challenges raise serious questions, as does the matter of the Trumbull Board of Education's standing to be a plaintiff in this action, we do not reach the merits of these issues because, the 1995–1996 swim season having concluded, the appeal is moot.

■ An appeal becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam) (internal quotation marks omitted). While an appeal will not become moot merely because a court order redressing the alleged grievance has been obeyed or has expired, there must be a continuing controversy that will be settled by a decision of this Court in order for the lawsuit to survive. Thus, "when it becomes impossible for [an appellate] court[ ], through the exercise of [its] remedial powers, to do anything to redress the injury," *Alexander v. Yale University*, 631 F.2d 178, 183 (2d Cir.1980), the court is without power to review the district court's judgment and the appeal must be dismissed. Otherwise, any opinion handed down by this Court concerning the propriety of the district court's ruling would be merely advisory.

It is clear that there remains no live controversy between plaintiffs and CIAC. Plaintiffs sought a waiver of the maximum-age limitation for David for the 1995–1996 season. The waiver was granted pursuant to the court's injunction; that season has been completed; David competed; and the records on that season are closed. No further relief was sought by plaintiffs.

■ CIAC contends nonetheless that the action is not moot because it falls within the exception for circumstances that are "ca-

pable of repetition, yet evading review." *Southern Pacific Terminal Co. v. Interstate Commerce Commission,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). This facet of the mootness doctrine, however, is applicable " 'only in exceptional situations.' " *Haley v. Pataki,* 60 F.3d 137, 141 (2d Cir. 1995) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983)). In the absence of a class action, we deem "capable of repetition" to mean that "there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again," *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam); the appellant must show that "these *same parties* are reasonably likely to find themselves again in dispute over the issues raised in this appeal," *Video Tutorial Services, Inc. v. MCI Telecommunications Corp.,* 79 F.3d 3, 6 (2d Cir.1996) (per curiam) (internal quotation marks omitted (emphasis in original)). Further, mere speculation that the parties will be involved in a dispute over the same issue does not "rise to the level of a 'reasonable expectation' or 'demonstrated probability' of recurrence." *Id.*

In the present case, the capable-of-repetition prerequisite is not met. The action was brought by plaintiffs in their individual capacities, not as a class action. Thus, the question is not whether a waiver of the maximum-age limitation would violate ADA or Rehabilitation Act rights of other students with disabilities—an issue that would require individual assessments of the needs of each such student. The only question here is whether the maximum-age limitation issue is apt to recur with regard to David himself.

The record shows that there is no basis for a reasonable expectation that David would be subjected to another refusal by CIAC to waive its maximum-age limitation. The Dennins requested only a one-year waiver of CIAC's maximum-age rule. Although in theory they could make another request for a waiver of the maximum-age rule for the 1996–1997 season, they acknowledged that in order to have David swim competitively again after the 1995–1996 season, they would need a waiver as well of the CIAC rule that

prohibits competition in the same sport for more than three years in grades 10–12. They have not requested a waiver of that three-season rule; Joseph Dennin testified in the district court that plaintiffs do not challenge that rule; and their attorney stated at oral argument in this Court that they will not seek such a waiver. In light of these representations, speculation by CIAC that plaintiffs might again seek a waiver of the maximum-age rule does not rise to the level of a reasonable expectation that the question of whether David's rights were violated by CIAC's failure to grant him a maximum-age waiver is likely to recur. Accordingly, the appeal must be dismissed as moot.

When a case becomes moot while an appeal is pending by virtue of circumstances not attributable to the appealing party, not only is this Court required to dismiss the appeal, but also the district court is required to dismiss the action:

> "Where it appears upon appeal that the controversy has become entirely moot, it is the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss."

*Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 93, 99 S.Ct. 2149, 2149, 60 L.Ed.2d 735 (1979) (per curiam) (quoting *Duke Power Co. v. Greenwood County,* 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936) (per curiam) (emphasis in *Great Western Sugar* )); *see also United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950); *Longway v. Jefferson County Board of Supervisors,* 24 F.3d 397, 401 (2d Cir. 1994).

In the present case, the appeal has become moot by the passage of time, without fault on the part of CIAC. Accordingly, we vacate the district court's judgment without reaching the merits of its rulings, and we direct the court to dismiss the complaint. The vacation of the judgment does not, of course, authorize CIAC, which complied with the district court's preliminary injunction, to alter the status quo by making any retroactive modification of David's eligibility for the 1995–1996 season.

## CONCLUSION

For the foregoing reasons, the appeal is dismissed as moot. The judgment of the district court is vacated, and the matter is remanded for dismissal of the action.