**Francesca PAGLIAI, Plaintiff–Appellant,**

v.

**Marisa DEL RE, doing business as Marisa del Re Gallery, Defendant–Cross–Defendant–Appellee,**

**James Goodman and James Goodman Galleries, Inc., Defendants–Cross–Claimants–Appellees,**

**Christie's Inc., Defendant–Appellee.**

**Docket No. 01–7462.**

United States Court of Appeals, Second Circuit.

May 16, 2002.

J. Joseph Bainton, Bainton McCarthy & Siegel, N.Y., NY, for Appellant.

Anna Lisa Bonventre, Hoey, King, Toker & Epstein, N.Y., NY, for Appellees, Goodman, Goodman Galleries, and Christie's.

Present FEINBERG, KEARSE, and CARDAMONE, Circuit Judges.

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel for appellant and for the Goodman and Christie's appellees.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is remanded for modification, and as modified, is affirmed.

Plaintiff Francesca Pagliai appeals from so much of a judgment of the United States District Court for the Southern District of New York, Denise L. Cote, *Judge,* as (1) dismissed her claims against defendants James Goodman and James Goodman Galleries (collectively "Goodman") and defendant Christie's, Inc. ("Christie's"), as time-barred, (2) denied prejudgment interest on her recovery against defendant Marisa del Re, and (3) refused to vacate a stipulated protective order preventing her from using information as to the identity of the purchaser of the painting that is the subject of this suit (the "Painting"). As del Re has declined to make any submission in connection with this appeal, we remand for modification of the judgment to include an award of prejudgment interest against her. For the reasons that follow, we find no basis for reversal in Pagliai's other two challenges.

Pagliai contends principally that the district court erred in applying New York's negligence statute of limitations to her claims against Goodman and Christie's, rather than the statute of limitations governing claims for replevin. This contention is without merit. Pagliai's second amended complaint pleaded claims against Goodman and Christie's only for "negligence" (fourth and sixth stated claims, respectively) and "conversion" (third and fifth stated claims, respectively), and Pagliai concedes in her brief on appeal that "[r]eplevin could ... not be obtained in the District Court against either del Re or any other party that Paglia [*sic* ] could lawfully

join." (Pagliai brief on appeal at 2–3.) The district court dismissed Pagliai's conversion claims against Goodman and Christie's not on statute-of-limitations grounds but rather for failure to state a claim on which relief can be granted. We see no error in the district court's refusal to apply the replevin statute of limitations to Pagliai's claims of negligence, and we affirm substantially for the reasons stated in Judge Cote's Opinion and Order dated March 7, 2001.

Although Pagliai also suggested at oral argument of this appeal that the district court erred in dismissing her conversion claims against Goodman and Christie's because it misidentified the elements of that tort, that argument was not mentioned in her brief on appeal, and we decline to entertain it. *See generally* Fed. R.App. P. 28(a)(5) and (9) (appellant's brief on appeal must contain statements of the issues for review and of her appellate contentions).

Pagliai's contention that the district court erred in refusing to vacate the stipulated protective order in order to allow her to use information as to the name and address of the purchaser of the Painting to bring a replevin action against that person in state court is moot, as Pagliai concedes that the state court has already ordered that she be allowed to use that information for that purpose. We decline Pagliai's request that we issue an advisory opinion as to when such protective orders should be lifted. "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (internal quotation marks omitted). Although Pagliai invokes the capable-of-repetition-yet-evading-review facet of the mootness doctrine, we deem "capable of repetition" to mean—unless the action is a class action—that "there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again," *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam); *Dennin v. Connecticut Interscholastic Athletic Conference, Inc.,* 94 F.3d 96, 101 (2d Cir.1996). Pagliai has shown no such expectation and no live issue to be decided.

We have considered all of Pagliai's contentions that are properly before us and, except as indicated above, have found in them no basis for reversal. The matter is remanded to the district court for modification of the judgment to include an award to Pagliai of prejudgment interest against del Re. As thus modified, the judgment is affirmed.