07-3118-cv
Van Allen v. Cuomo

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**
August Term 2009

Argued: June 18, 2010                    Decided: September 17, 2010

Docket No. 07-3118-cv

_____

H. WILLIAM VAN ALLEN,

*Plaintiff-Appellant*,

-v.-

ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, THE
NEW YORK STATE BOARD OF ELECTIONS, NEIL W. KELLEHER, Commissioner of New
York State Board of Elections, DOUGLAS KELLNER, Commissioner of New York State Board
of Elections, EVELYN J. AQUILA, Commissioner of New York State Board of Elections,
HELENA MOSES DONOHUE, Commissioner of New York State Board of Elections,

*Defendants-Appellees*,

THE ULSTER COUNTY BOARD OF ELECTIONS, JOHN PARETE, as Commissioner of
Elections of Ulster County, THOMAS F. TURCO, as Commissioner of Elections of Ulster
County,

*Defendants*.

_____

Before:          McLAUGHLIN, CALABRESI, and LIVINGSTON, *Circuit Judges*.

Appeal from an order of the United States District Court for the Northern District of New

York, denying Plaintiff's application for a temporary restraining order and dismissing his complaint

challenging New York Election Law §§ 5-210 and 5-304. We conclude that Plaintiff's claims for declaratory and injunctive relief are moot, his First Amendment claim is foreclosed by *Rosario v. Rockefeller*, 410 U.S. 752 (1973), and his Equal Protection claim fails because the reasonable restrictions imposed by New York's law are justified by the State's interest in protecting the integrity and reliability of the electoral process.

Affirmed.

H. WILLIAM VAN ALLEN, *pro se*, Hurly, New York, *for Plaintiff-Appellant*.

DENISE A. HARTMAN, Assistant Solicitor General (ANDREW CUOMO, Attorney General of the State of New York; BARBARA D. UNDERWOOD, Solicitor General; PETER H. SCHIFF, Senior Counsel, *on the brief*), Albany, New York, *for Defendants-Appellees*.

PER CURIAM:

Plaintiff H. William Van Allen, *pro se*, appeals from a July 19, 2007 order of the United States District Court for the Northern District of New York (Sharpe, *J.*), denying his application for a temporary restraining order and dismissing his complaint challenging various provisions of New York's Election Law.

Pursuant to the delayed enrollment or "lockbox" provision of New York Election Law, a registered voter desiring to change his party enrollment must do so twenty-five days before the general election in order to participate in certain activities, such as primary elections, in the following year. *See* N.Y. Elec. Law § 5-304(3). The enrollment of previously unregistered voters is covered by a separate provision that imposes less restrictive requirements. *See id.* § 5-210.

2

Van Allen brought suit in the Northern District of New York on July 12, 2007.[1] His complaint, one of several he has filed challenging the provisions of New York's Election Law, alleged that he was a registered non-enrolled voter in Ulster County, and that he attempted to enroll in the Independence Party so that he could carry petitions, engage in the process of designating candidates for office, assist in the selection of persons for leadership positions, participate in the establishment of the party's platform, and vote in the party's primary election during the then-pending election cycle. He was informed, however, that the lockbox provision prevented his enrollment from becoming effective until after the November 2007 general election. Van Allen contended, *inter alia*, that the law violated his First Amendment right to freedom of association and also that it violated the Fourteenth Amendment's Equal Protection Clause. Van Allen's complaint sought declaratory and injunctive relief as well as monetary damages, and he simultaneously moved in the district court for a temporary restraining order. In its July 19, 2007 summary memorandum decision and order, the district court denied Van Allen's application for injunctive relief and dismissed the complaint, relying principally upon the Supreme Court's decision in *Rosario v. Rockefeller*, 410 U.S. 752 (1973), which upheld restrictions contained in a previous version of New York's Election Law. Van Allen appeals.

Liberally construing Van Allen's filing with this Court as a brief,[2] we conclude that his

---

[1] Van Allen was represented by counsel in the district court.

[2] We note that Van Allen once again has filed a brief with this Court that consists solely of a document already filed with the district court. As we have explained previously, Van Allen's *pro se* status does not absolve him of the obligation to identify issues for this Court to review on appeal. *See Van Allen v. Walsh*, No. 08-4731-cv, 2010 WL 1170069, at *1 (2d Cir. Mar. 25, 2010) (unpublished) ("Because Van Allen has filed a brief consisting solely of a

3

claims are without merit. We review a district court's dismissal of a complaint for failure to state a claim *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

As we have held in the context of prior challenges to New York Election Law provisions, in the absence of a class action, review in this Court requires that there be more than "mere speculation" that the dispute will recur. *See Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001) (quoting *Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996)) (dismissing claims as moot where parties asserted only that they might again try to change their party affiliation in the future). Because Van Allen does not indicate that he currently intends or has already attempted to change his party enrollment again, to the extent that he is appealing the district court's denial of declaratory or injunctive relief, his claims on appeal are moot. *See id.* Accordingly, the only claim that possibly survives on appeal is Van Allen's claim for money damages. *See id.* at 115 n.4.

With regard to Van Allen's damages claim, we find no error in the district court's decision. Van Allen's challenge to the delay provisions set forth in section 5-304 is foreclosed by the Supreme Court's ruling in *Rosario v. Rockefeller*, 410 U.S. 752 (1973). In *Rosario*, the Supreme Court addressed a provision of New York's Election Law that provided that a voter was eligible to vote

document filed in the court below . . . he has failed to identify any issues for this Court to review. Issues not raised in an appellate brief are abandoned." (citing *Sledge v. Kooi*, 564 F.3d 105, 106 n. 1 (2d Cir. 2009); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995))); *see also LoSacco*, 71 F.3d at 93 (observing that while "appellate courts generally do not hold *pro se* litigants rigidly to . . . formal briefing standards . . . , we need not manufacture claims of error for an appellant proceeding *pro se*"). Although we accordingly might have declined to review the district court's decision in this case, we nonetheless choose to reach the merits of Van Allen's claims.

in a party primary only if he or she enrolled in that party at least 30 days before the previous general election. *See* 410 U.S. at 753-54. The plaintiffs in *Rosario* argued that the delay provision was unconstitutional because it deprived them of their right to vote and their freedom of association. *Id.* at 755-56. The Supreme Court found the provision at issue to be constitutional, observing that voters challenging the provision could have complied with the time limitation, and concluding that the delay provision did not constitute a violation of the right to vote because it did not "totally den[y] the electoral franchise to a particular class of residents, [leaving] no way in which the members of that class could have made themselves eligible to vote." *Id.* at 757. As to the right to associate with the political party of their choice, the Supreme Court rejected the claim on the same ground—i.e., that the provision merely imposed a delay in such association for those who, through their own fault, had failed to register in time. *Id.* at 758. The Supreme Court further found that the delay was not too long given the State's reason for the delay, namely, to "inhibit party 'raiding.'"[3] *Id.* at 760.

The current provision of New York law that Van Allen challenges provides, in relevant part, that a registered voter not currently enrolled in a political party or who is seeking to change his party affiliation may change his enrollment, but that:

> A change of enrollment received by the board of elections not later than the twenty-fifth day before the general election shall be deposited in a sealed enrollment box, which shall not be opened until the first Tuesday following such general election. Such change of enrollment shall be then removed and entered as provided in this article.

N.Y. Elec. Law § 5-304(3). Because this provision, like the one discussed in *Rosario*, imposes a

---

[3] As described by the Court in *Rosario*, "party raiding" describes a practice "whereby voters in sympathy with one party designate themselves as voters of another party so as to influence or determine the results of the other party's primary." 410 U.S. at 760.

limitation only upon the time of enrollment and, as in *Rosario*, Van Allen has not raised any claim that there was an impediment to compliance with the time limitation, there is no basis for finding the provision to be an unconstitutional restriction of his right to vote or his freedom to associate with a political party.[4] *See Rosario*, 410 U.S. at 753-61.

To the extent that Van Allen challenges the validity of § 5-304 on the ground that it treats registered voters wishing to change their party affiliation differently from voters who are registering for the first time and choosing their party affiliation under § 5-210, his claim is without merit. "Where a statute invidiously discriminates in granting the right to vote, we apply strict scrutiny in our review." *Wit v. Berman*, 306 F.3d 1256, 1259 (2d Cir. 2002). "However, although 'voting is of the most fundamental significance under our constitutional structure . . . [i]t does not follow . . . that the right to vote in any manner and the right to associate for political purposes through the ballot are absolute.'" *Id.* (quoting *Burdick v. Takushi*, 504 U.S. 428, 433 (1992)). The general rule is that "'evenhanded restrictions that protect the integrity and reliability of the electoral process itself' are not invidious." *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 189-90 (2008) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788 n.9 (1983)). In determining whether a statute that does not invidiously discriminate violates equal protection, courts must balance the burden on the individual with the state's interest. *Id.* at 190.

---

[4] Van Allen's filing contends that § 5-304 precluded him from "engaging in carrying petitions for opportunity to ballot as allowed under the provisions of New York Election Law." However, at no point in his papers has he explained how the alleged restraint on his participation in the activities of the Independence Party was a result of state law. Accordingly, we deem this argument waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived . . . ."); *LoSacco*, 71 F.3d at 92-93 (same).

6

In this case, the State's interest is both to discourage party raiding and to encourage the participation of new voters. The burden that Van Allen has borne is that of registering with his party of choice within a specified time frame in order to be permitted to vote in a primary election. The Supreme Court has already determined that requirements of the sort implicated here, by discouraging party raiding, serve the "preservation of the integrity of the electoral process[,] . . . a legitimate and valid state goal." *Rosario*, 410 U.S. at 761. Meanwhile, allowing new voters to register nearer in time to an election increases voter participation. *Cf. Wit*, 306 F.3d at 1262 (upholding the single-domicile rule for voter registration as it informs individuals of "where they may vote, a vital function that encourages registration and voting"). As the burden on Van Allen is a modest timing requirement that has not caused total disenfranchisement, because it is justified by the State's interest in avoiding party raiding, and because the state has a legitimate interest in encouraging new voter registration, Van Allen's complaint fails to state a meritorious equal protection claim.[5]

For the foregoing reasons, the order of the District Court appealed from is **AFFIRMED**.

---

[5] We decline to address Van Allen's arguments that the Election Law violates the Guarantee Clause, U.S. Const. art. IV, § 4, and the constitution and laws of New York State, as these arguments are inadequately raised on appeal. *See Norton*, 145 F.3d at 117. Van Allen's papers do not explain how the Election Law runs afoul of either the Guarantee Clause or state law, and do not cite any relevant case law. *See LoSacco*, 71 F.3d at 92-93; *cf. Padavan v. United States*, 82 F.3d 23, 28 (2d Cir. 1996) (observing that although "it is possible that 'perhaps not all claims under the Guarantee Clause present nonjusticiable political questions,'" the "Supreme Court traditionally has held that claims brought under the . . . Clause are nonjusticiable" (quoting *New York v. United States*, 505 U.S. 144, 185 (1992))).