13-3083-cv
Treistman v. Wacks

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand fourteen.

PRESENT: ROBERT D. SACK,
           GERARD E. LYNCH,
                 *Circuit Judges*,
           VERNON S. BRODERICK,
                 *District Judge*.[*]

_____

BEN GARY TREISTMAN,
                 *Plaintiff - Appellant*,
A.T., a minor,
                 *Plaintiff,*
         v.                                  No.     13-3083-cv

VALERIE LYN WACKS, ESQ., LAWRENCE SHELTON, AMY GREENE, KELLY WHITTAKER, ELISABETH KRISJANIS, ESQ., JILLIAN JACKSON, ESQ., BARBARA SORKIN, DENISE WOLTMAN, CHARLENE BOSWELL, MARY ELLEN SCHNEIDER, JOSEPH BENNETT, in their personal and official capacities, ULSTER COUNTY MUNICIPALITY, via its agencies ULSTER COUNTY CHILD PROTECTIVE SERVICES & MENTAL HEALTH DEPARTMENT,
                 *Defendants - Appellees,*

_____

[*] The Honorable Vernon S. Broderick, of the United States District Court for the Southern District of New York, sitting by designation.

OTHER UNKNOWN PERSONS,

<em>Defendants</em>.**

_____

FOR APPELLANT:                          BEN GARY TREISTMAN, Pro Se, Shady, New York.

FOR MUNICIPAL APPELLEES:***             Eric M. Kurtz, Cook, Netter, Cloonan, Kurtz & Murphy, P.C., Kingston, New York.

Appeal from the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the orders of the District Court is DISMISSED as moot.

Plaintiff-appellant Ben Gary Treistman appeals from orders of the United States District Court for the Northern District of New York (Sharpe, *J*.), denying his and his minor child's application for a preliminary injunction, dismissing his child as a plaintiff, and denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Treistman is the father of A.T., a minor child. At the outset of this litigation, Treistman was subject to a temporary order of protection, issued by the New York State Family Court, which limited him to weekly visitation with his child, under the supervision

---

** The Clerk of the Court is respectfully directed to amend the caption as set forth above.

*** The Municipal Appellees are Amy Greene, Kelly Whittaker, Elisabeth Krisjanis, Esq., Jillian Jackson, Esq., Barbara Sorkin, Denise Woltman, Charlene Boswell, Mary Ellen Schneider, Joseph Bennett, and Ulster County.

of the Ulster County Department of Social Services. In his complaint, Treistman

challenges the defendants' actions in initiating neglect proceedings against him, failing to

advocate on A.T.'s behalf consistent with her wishes, and limiting the permissible topics

of conversation between himself and A.T. during supervised visits and co-counseling

sessions. When, during and in connection with his supervised visits, certain Municipal

Defendants prohibited Treistman from discussing this litigation with A.T., Treistman

sought a preliminary injunction on his own behalf, and putatively on A.T.'s behalf as

well, asking the court to enjoin the defendants from interfering with Treistman and A.T.'s

discussion of "pending or future court matters." Order to Show Cause for Preliminary

Injunction and Temporary Restraining Order, D.Ct. Dkt. No. 12-cv-1897, Doc. No. 12-1.

The district court denied the application, as well as a motion for reconsideration, and

Treistman appealed.[1]

As no final judgment has been entered in the district court, our jurisdiction over

this appeal, if any, is based on the district court's denial of Treistman's application for a

preliminary injunction. See 28 U.S.C. § 1292(a)(1). The requested injunction would

restrain defendants' conduct during Treistman's supervised visitation with A.T. During

oral argument before this Court, however, Treistman informed this Court that the neglect

proceedings against him have been dismissed, and that he currently has unrestricted and

---

[1] The district court also denied A.T. a preliminary injunction and dismissed her as a plaintiff on the recommendation of A.T.'s guardian ad litem, who reported that A.T. did not have an interest that required protection through an injunction and did not wish to participate in the lawsuit. See Treistman v. Wacks, No. 12-cv-1897 (GLS/CFH), 2013 WL 2446285, *1 (N.D.N.Y. June 5, 2013).

unsupervised visitation with his child. Given the change in circumstances, Treistman's appeal is now moot.

An appeal becomes moot when interim "events have eradicated the effects of the defendant[s'] act or omission, and there is no reasonable expectation that the alleged violation will recur." Irish Lesbian & Gay Organ. v. Giuliani, 143 F.3d 638, 647 (2d Cir. 1998). Because Treistman is no longer subject to supervised visitation with his child, there is no longer any potential conduct by the defendants in connection with their supervision of visitation to enjoin. Although Treistman argues that the defendants may reinstitute neglect proceedings against him, obtain supervision over his visits with his child, and then proceed to restrict conversation between himself and his child, the threat Treistman identifies is too speculative to bring his appeal within an exception to the mootness doctrine. "[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." Dennin v. Conn. Interscholastic Athletic Conf., Inc., 94 F.3d 96, 101 (2d Cir. 1996) (internal quotation marks omitted).

Accordingly, because Treistman's request for a preliminary injunction is moot, his appeal must be dismissed.[1] We express no views on the merits of Treistman's underlying

---

[1] Treistman also appeals the district court's order denying A.T. a preliminary injunction and dismissing A.T. as a plaintiff. Treistman argues that the order is immediately appealable pursuant to 28 U.S.C. § 1292(a)(1) because it denied A.T. an injunction. Even if the order dismissing A.T. as a plaintiff is immediately appealable because it also denied A.T. injunctive relief, but see Citizens Concerned About Our Children v. Sch. Bd. of Broward County, 193 F.3d 1285, 1289-90 (11th Cir. 1999) (per curiam); Shirey v. Bensalem Twp., 663 F.2d 472, 477 (3d Cir. 1981) (holding that "order dismissing the various counts of plaintiff's complaint[, which contained request for injunctive relief,] for

4

claims, which, in light of his demand for damages, may proceed in the district court despite the mootness of his request for injunctive relief.

For the foregoing reasons, the appeal from the orders of the district court are DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

reasons completely unrelated to plaintiff's entitlement to injunctive relief was not an order immediately appealable under § 1292(a)(1)"), A.T.'s putative request for injunctive relief is moot for the same reasons that Treistman's own request is moot. Accordingly, the appeal of the interlocutory order dismissing A.T. as a plaintiff must also be dismissed. We also note that it is questionable whether Treistman is authorized to pursue an appeal on A.T.'s behalf since he is not the party aggrieved by the order dismissing A.T. as a plaintiff and he may not represent his child on appeal. See Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284-85 (2d Cir. 2005) (noting that "a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child," and that the same "principle ordinarily must hold in our Court on appeal"); cf. Corroon v. Reeve, 258 F.3d 86, 90 (2d Cir. 2001).