15-1253-cv
Bennett v. Project Renewal, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand fifteen.

PRESENT:  REENA RAGGI,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------

SHARON ARETHA BENNETT,
*Plaintiff-Appellant*,

v.               No. 15-1253-cv

PROJECT RENEWAL, INC., JIM MUTTON, MITCHELL NETBURN, and JESSICA AMSTERDAM,
*Defendants-Appellees.*\*

-----------------------------------------------------------------------

FOR APPELLANT:           Sharon Aretha Bennett, pro se, New York, New York.

FOR APPELLEES:           Jason A. Zoldessy, Jackson Lewis P.C., New York, New York.

---

\* The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2015, is AFFIRMED.

Plaintiff Sharon Aretha Bennett appeals pro se the district court's dismissal of her complaint against Project Renewal, Inc. and three of its individual employees, alleging discriminatory termination and retaliation. The district court ruled that whether Bennett's claims were brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, or the Americans with Disabilities Act of 1990 ("ADA"), id. §§ 12111–17, dismissal was warranted because she failed to file a timely charge with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. §§ 2000e-5(e)(1), 12117(a) (requiring filing within 300 days of alleged discriminatory act where proceeding initially instituted with state or local agency). We further construe Bennett's submission as an appeal from the denial of her request for leave to amend her complaint. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo the dismissal of a complaint, accepting all factual allegations as true and drawing all inferences in the plaintiff's favor. See Littlejohn v. City of New York, 795 F.3d 297, 306 (2d Cir. 2015); see also Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (stating that pro se complaint "must be construed liberally to raise the strongest

2

arguments it suggests" (internal quotation marks omitted)). To survive dismissal, however, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Leave to amend a complaint "may properly be denied if the amendment would be futile." Grullon v. City of New Haven, 720 F.3d 133, 140 (2d Cir. 2013) (internal quotation marks and alteration omitted). We review a district court's denial of a request for leave to amend for abuse of discretion. Id.

Applying these principles here, we conclude that the district court correctly dismissed Bennett's complaint and properly denied leave to amend substantially for the reasons stated in its March 30, 2015 decision.

In her appellate brief, Bennett does not address any of the concerns identified by the district court; instead, she only sets forth additional facts related to—but not pleaded in—her complaint. These facts do not, however, resolve the defect identified by the district court: Bennett's claims of discrimination and retaliation based on her filing of a workers' compensation claim do not allege membership in any class or engagement in any activity protected by Title VII or the ADA. See 42 U.S.C. § 2000e-2(a) (prohibiting employers from engaging in adverse actions based on race, color, religion, sex, or national origin); Reynolds v. American Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012) ("Filing a workers' compensation claim is not something that is covered by the ADA . . . ."); cf.

3

<u>Kirkland v. Cablevision Sys.</u>, 760 F.3d 223, 225 (2d Cir. 2014) (observing that membership in protected group or engagement in protected activity is required to state <u>prima facie</u> claim for Title VII discrimination and retaliation, respectively). Further, because Bennett does not pursue an equitable tolling argument on appeal to excuse her untimely EEOC filing, we deem that point abandoned and do not address it further. <u>See</u> <u>Van Allen v. Cuomo</u>, 621 F.3d 244, 247 n.2 (2d Cir. 2010) (observing that issues not raised in <u>pro se</u> brief may be deemed abandoned); <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92–93 (2d Cir. 1995).

We have considered Bennett's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4