15-1021-cv
Mussallihattillah v. McGinnis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand seventeen.

PRESENT:  REENA RAGGI,
                  DEBRA ANN LIVINGSTON,
                  SUSAN L. CARNEY,
                              *Circuit Judges*.

------------------------------------------------------------------------

DAWUD MUSSALLIHATTILLAH,
                              *Plaintiff-Appellant*,

                 v.                              No. 15-1021-cv

MICHAEL P. MCGINNIS, Superintendent NYSDOCS, NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES ("NYSDOCS"), LARRY WEINGARTNER, Assistant Deputy Superintendent of Programs,
                              *Defendants-Appellees.*[*]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:          DAWUD MUSSALLIHATTILLAH, *pro se*, Laurel, Maryland.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

APPEARING FOR APPELLEES: FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Andrew D. Bing, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General for the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the November 6, 2014 judgment of the district court is AFFIRMED.

Dawud Mussallihattillah, proceeding *pro se*, appeals from the Fed. R. Civ. P. 52(c) judgment in favor of defendants after a three-day bench trial. Mussallihattillah, who formerly worked as an Imam for the New York State Department of Correctional Services ("DOCS"), sued DOCS, its superintendent, and one of its deputy superintendents under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging, *inter alia*, that he was fired because of his race and/or religion.[1] Mussallihattillah challenges (1) the exclusion of his character witness, (2) limits on his conduct of redirect examination, (3) the *sua sponte* conversion of defendants' Rule 50 directed verdict motion into a Rule 52(c) motion for judgment on partial findings, and (4) the finding that he failed to prove a *prima facie* case of discrimination. We assume

---

[1] Mussallihattillah also brought claims under New York common and statutory law as well as 28 U.S.C. §§ 1981 and 1983. Because he did not pursue those claims below and does not raise them on appeal, we do not address them here. *See Van Allen v. Cuomo*, 621 F.3d 244, 247 n.2 (2d Cir. 2010).

the parties' familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

1.    Preclusion of Testimony

Mussallihattillah proposed to call a fellow Muslim chaplain to attest to his "integrity" and "good standing with other Imams," Trial Tr. at 68–69, and to testify to the hardships resulting from his firing. We review a district court's evidentiary ruling for abuse of discretion, which we do not identify here. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34 (2d Cir. 2015).

The hardships resulting from Mussallihattillah's firing were not relevant to the central issue of his employer's motivation in firing him. *See* Fed. R. Evid. 401 (providing that evidence is relevant where it makes a fact of consequence more or less probable); *Florez v. Cent. Intelligence Agency*, 829 F.3d 178, 184 (2d Cir. 2016). Further, Mussallihattillah could not introduce his general reputation as an Imam to show that he acted in accordance with that reputation at work. *See* Fed. R. Evid. 404(a); *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 125 (2d Cir. 2016). In urging otherwise, Mussallihattillah contends that defendants placed his character at issue, thus permitting this testimony. *See* Fed. R. Evid. 608(a). The argument fails because he sought to offer character evidence *before* defendants presented their case, and defendants' cross-examination regarding his workplace misconduct did not, in any event, place his general reputation as an Imam at issue.

3

Accordingly, the district court did not exceed its discretion in precluding the proposed testimony.

2.    Due Process

Mussallihattillah argues that limits on redirect examination and the conversion of defendants' Rule 50(a) motion to a Rule 52(c) motion denied him due process.   Because no such objections were raised in the district court, we will not review them here "absent manifest injustice or a showing of extraordinary need," *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 429 F.3d 39, 46 (2d Cir. 2005) (alteration and internal quotation marks omitted), neither of which is evident.   Indeed, the challenges fail on the merits.

Mussallihattillah did conduct redirect examination and, when offered further opportunity to present his case, specifically declined to conduct more redirect, opting instead to reserve his points for closing argument.   To that end, after defendants' Rule 50 motion, the district court afforded him the equivalent of a summation, which spans eight pages of the trial transcript.   Because Mussallihattillah presented his entire case, conversion of defendants' motion to one for judgment on partial findings denied him no meaningful opportunity to be heard.[2]

Accordingly, we decline to disturb the district court's judgment on this ground.

---

[2]  Mussallihattillah complains that he was not permitted to cross-examine the defendants, who, because of their motion, never presented a case.   To the extent he implies he would have sought to elicit information from them to support his own case, his decision to rest without calling defendants on his own case left him as susceptible to an adverse Rule 50(a) motion as to a Rule 52(c) motion.

4

3.    Racial and Religious Discrimination

Under Fed. R. Civ. P. 52(c), "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim . . . that, under the controlling law, can be maintained . . . only with a favorable finding on that issue."  On appeal of a Fed. R. Civ. P. 52(c) judgment, we review the district court's findings of fact for clear error and its conclusions of law *de novo*.  *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 960 (2d Cir. 1998).  The district court here determined that Mussallihattillah's employment discrimination claim failed at the first step of the familiar *McDonnell Douglas* burden-shifting framework: the *prima facie* case.  *See McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).  To prove a *prima facie* case, plaintiff must show (1) membership in a protected class, (2) satisfactory job performance, and (3) an adverse employment action (4) occurring under circumstances giving rise to an inference of discrimination.  *See Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 767 (2d Cir. 2002).  The district court found that Mussallihattillah failed to establish the second and fourth requirements.  Mussallihattillah challenges these findings, arguing that the district court ignored both the fact that he had been employed for twelve years and two purported incidents evincing disparate treatment.[3]

---

[3] Mussallihattillah also advanced hostile-environment and retaliation theories of discrimination.  He does not challenge the district court's rejection of those theories on appeal, and we do not discuss them further here.  *See Van Allen v. Cuomo*, 621 F.3d at 247 n.2.

5

We identify no error. First, although the district court did not rely upon this ground in its decision, Mussallihattillah's Title VII claims as against the individual defendants fail as a matter of law. *See Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) ("[I]ndividuals are not subject to liability under Title VII." (internal quotation marks omitted)).

Second, and in any event, the record offers substantial evidence to support the district court's findings. Mussallihattillah was subject to numerous disciplinary actions throughout his tenure at DOCS, and those that were arbitrated were affirmed at least in part by internal disciplinary arbitrators, one of which concerned prison security. Having been warned after delivery of contraband to an inmate that future security violations could put his career at risk, Mussallihattillah was fired for just such a violation: refusal to follow DOCS's direct order that he provide information about an inmate boycott. On this record, given plaintiff's misconduct, his significant attendance and tardiness issues, and the lack of countermanding evidence suggesting he performed his job well, the district court was justified in finding Mussallihattillah's job performance unsatisfactory. *See Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 29–30 (2d Cir. 1997) ("[M]isconduct indicates a high likelihood that an employee's performance is not satisfactory.").

Nor did circumstantial evidence compel an inference of discriminatory motivation for Mussallihattillah's firing. There is no evidence indicating that DOCS would not fire non-Muslims or non-African-Americans with similarly serious disciplinary records. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (observing that inference of

6

discrimination may arise from disparate treatment of those outside protected group). The disparate treatment he identifies—relating to an allowed database of Catholic inmates, but a disallowed database of Muslim inmates; and limits on Mussallihattillah's ability to pull inmate files that did not apply to other chaplains—are insufficient to show the pertinent similar situation, *i.e.*, insubordination to a prison security order. *See id.* (stating that urged comparators must be "similarly situated in all material respects").

Accordingly, we affirm the district court's rejection of Mussallihattillah's claim of discriminatory termination.

4.    Conclusion

We have considered Mussallihattillah's remaining arguments and find them to be without merit.   Accordingly, the November 6, 2014 judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7